## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

---

**HYC LOGISTICS, INC.,**

       **Plaintiff/Counter-Defendant**

**vs.**

                             **Civil Action No. 2:23-cv-02050-TLP-tmp**

**OJCOMMERCE, LLC D/B/A**
**OJ COMMERCE, LLC AND**
**JACOB WEISS, INDIVIDUALLY,**

       **Defendants/Counter-Plaintiffs**


**OJCOMMERCE, LLC D/B/A**
**OJ COMMERCE, LLC**

       **Defendant/Counter-Plaintiff**

**vs.**

**ITAMAR ARONOV, URI SILVER,**
**562 EXPRESS, INC., ANTONIO HERNANDEZ**
**and DAYANA DIAZ**

       **Counter-Defendants.**

---

**OJ COMMERCE, LLC,**

       **Plaintiff**

**vs.**                            **Civil Action No. 2:23-cv-02226-TLP-atc**
                                         **CONSOLIDATED**

**562 EXPRESS, INC.,**

       **Defendant.**

---

### ANSWER WITH AFFIRMATIVE DEFENSES OF HYC LOGISTICS, INC.
### TO OJ COMMERCE LLC'S COUNTERCLAIM

---

      **COMES NOW**, the Plaintiff/Counter-Defendant HYC Logistics, Inc. ("HYC") in Civil

Action No. 2:23-cv-02050, by and through its undersigned counsel of record, Glankler Brown

PLLC, and hereby files this Answer with Affirmative Defenses ("Answer") to Defendant/Counter-

Plaintiff OJ Commerce LLC's ("OJ Commerce") Counterclaims.  The following Answer is filed without prejudice to HYC's right to seek dismissal under the Tennessee Rules of Civil Procedure.

HYC denies each and every allegation of the Counterclaim not expressly admitted herein. Any answer or response by HYC that HYC lacks sufficient knowledge or information to admit or deny a specific allegation, or part thereof, shall be intended —if an affirmative admission or denial is required by the Court— to be a DENIAL.  Any answer or response by HYC that an allegation makes a legal conclusion shall be intended —if an affirmative admission or denial is required by the Court— to be a DENIAL.

Now, in answer to each of the numbered paragraphs of the Counterclaim, HYC answers as follows.

## PARTIES

1.      Upon information and belief, admitted.

2.      Denied.

3.      No response by HYC is required to this paragraph as this paragraph neither asserts a claim nor makes an allegation against HYC.

4.      No response by HYC is required to this paragraph as this paragraph neither asserts a claim nor makes an allegation against HYC.

5.      No response by HYC is required to this paragraph as this paragraph neither asserts a claim nor makes an allegation against HYC.

6.      No response by HYC is required to this paragraph as this paragraph neither asserts a claim nor makes an allegation against HYC.

7.      No response by HYC is required to this paragraph as this paragraph neither asserts a claim nor makes an allegation against HYC.

8.     HYC admits that venue is proper in the United States District Court for the Western District of Tennessee but denies all other allegations made in this paragraph.

9.     HYC admits that the United States District Court for the Western District of Tennessee has subject matter jurisdiction but denies all other allegations made in this paragraph.

## INTRODUCTION

10.     This paragraph states multiple and compounded allegations which are improper. Notwithstanding such, HYC admits that the parties entered into a Service Contract.  Said Service Contract speaks for itself and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Service Contract, are hereby denied, and HYC demands strict proof thereof.  HYC denies all other allegations made in this paragraph.

11.     Denied.

12.     Denied, as stated.

13.     Denied.

14.     Denied.

## FACTS COMMON TO ALL COUNTS

15.     Upon information and belief, admitted.

16.     Upon information and belief, admitted.

17.     HYC admits that the parties entered into a Service Contract.  Said Service Contract speaks for itself and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Service Contract, are hereby denied, and HYC demands strict proof thereof.  HYC denies all other allegations made in this paragraph.

18. HYC admits that the parties entered into a Service Contract. Said Service Contract speaks for itself and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Service Contract, are hereby denied, and HYC demands strict proof thereof. HYC denies all other allegations made in this paragraph.

19. Denied.

20. Denied.

21. Upon information and belief, admitted.

22. Upon information and belief, admitted.

23. Upon information and belief, admitted. Said Bills of Lading speaks for themselves and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Bills of Lading, are hereby denied, and HYC demands strict proof thereof. HYC denies all other allegations made in this paragraph.

24. No response by HYC is required to this paragraph as this paragraph neither asserts a claim nor makes an allegation against HYC. Notwithstanding such, upon information and belief, admitted.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31.     Denied.

32.     HYC acknowledges the correspondence referenced in this paragraph and defined as the "Demand Letter."   Said Demand Letter speaks for itself and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Demand Letter is hereby denied, and HYC demands strict proof thereof.  HYC denies the claims made in the Demand Letter and likewise denies all other allegations made in this paragraph.

33.     HYC acknowledges the correspondence referenced in this paragraph and defined as the "Demand Letter."   Said Demand Letter speaks for itself and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Demand Letter is hereby denied, and HYC demands strict proof thereof.

34.     Because OJ Commerce has refused payment to HYC for its services rendered, HYC has exercises its lien rights over the Containers and their contents.

35.     Denied.  Because OJ Commerce has refused payment to HYC for its services rendered, HYC has exercises its lien rights over the Containers and their contents.  The Containers and their contents will be immediately released upon OJ Commerce satisfying its payment obligations to HYC.

36.     HYC acknowledges the Schedule referenced in this paragraph.  Said Schedule speaks for itself and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Schedule is hereby denied, and HYC demands strict proof thereof.  Moreover, HYC has not

performed an inventory of the Containers and does not have sufficient information to admit or deny the veracity of the Schedule.

## COUNT I – CONVERSION
### Against HYC

37.     No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

38.     Denied.

39.     Because OJ Commerce has refused payment to HYC for its services rendered, HYC has exercises its lien rights over the Containers and their contents.

40.     Denied.

41.     Denied.

42.     Denied.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 42.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

## COUNT II – CIVIL THEFT
### Against HYC

43.     No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 51.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

### COUNT III – TORTIOUS INTEFERENCE WITH BUSINESS RELATIONS
### Against HYC

52.     No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

53.     HYC lacks sufficient knowledge or information to admit or deny the allegation made in this paragraph.  Proof thereof is strictly demanded.

54.     Denied, as stated.

55.     Denied.

56.     Denied.

57.     Denied.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 57.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of

law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

## COUNT IV – COMMON LAW INDUCEMENT OF BREACH OF CONTRACTS
### Against HYC and 562

58.    No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

59.    HYC lacks sufficient knowledge or information to admit or deny the allegation made in this paragraph.  Proof thereof is strictly demanded.

60.    Denied, as stated.

61.    HYC denies this allegation.

62.    HYC denies this allegation.

63.    HYC denies this allegation.

64.    HYC denies this allegation.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 64.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

## COUNT V – PROCUREMENT OF BREAH OF CONTRACTS
### Against HYC and 562

65.    No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

66.    HYC lacks sufficient knowledge or information to admit or deny the allegation made in this paragraph.  Proof thereof is strictly demanded.

67.     HYC denies this allegation.

68.     HYC denies this allegation.

69.     HYC denies this allegation.

70.     HYC denies this allegation.

71.     HYC denies this allegation.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 71.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

## COUNT VI – DECEPTIVE TRADE PRACTICES
### Against HYC and 562

72.     No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

73.     No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

74.     HYC denies this allegation.

75.     HYC denies this allegation.

76.     HYC denies this allegation.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 76.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

**COUNT VII – AIDING AND ABETTING IN HYC'S CONVERSION, CIVIL THEFT, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, DECEPTIVE TRADE PRACTICES, COMMON LAW INDUCEMENT OF BREACH OF CONTRACTS, AND PROCUREMENT OF BREACH OF CONTRACTS**
**Against Itamar Aronov, Uri Silver, 562, Antonio Hernandez, and Dayana Diaz**

77.     No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

78.     HYC denies this allegation.

79.     HYC denies this allegation.

80.     HYC denies this allegation.

81.     HYC denies this allegation.

82.     HYC denies this allegation.

83.     HYC denies this allegation.

84.     HYC denies this allegation.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 84.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

**COUNT VIII – AIDING AND ABETTING IN 562'S CONVERSION, CIVIL THEFT, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS/INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE, DECEPTIVE TRADE PRACTICES, COMMON LAW INDUCEMENT OF BREACH OF CONTRACTS, AND PROCUREMENT OF BREACH OF CONTRACTS**
**Against HYC, Itamar Aronov, Uri Silver, Antonio Hernandez, and Dayana Diaz**

85.     No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

86.    HYC denies that the claims made by OJ Commerce against 562 Express and referenced in this paragraph are legally viable or sustainable.

87.    HYC denies this allegation.

88.    HYC denies this allegation.

89.    HYC denies this allegation.

90.    HYC denies this allegation.

91.    HYC denies this allegation.

92.    HYC denies this allegation.

93.    HYC denies this allegation.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 93. HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

### COUNT IX – CIVIL CONSPIRACY TO COMMIT CONVERSION, CIVIL THEFT, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, DECEPTIVE TRADE PRACTICES, COMMON LAW INDUCEMENT OF BREACH OF CONTRACTS, AND PROCUREMENT OF BREACH OF CONTRACTS
### Against HYC, Itamar Aronov, Uri Silver, 562, Antonio Hernandez and Dayana Diaz

94.    No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

95.    HYC denies this allegation.

96.    HYC denies this allegation.

97.    HYC denies this allegation.

98.    HYC denies this allegation.

99.     HYC denies this allegation.

100.    HYC denies this allegation.

101.    HYC denies this allegation.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 101.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

## COUNT X – BREACH OF CONTRACT
### Against HYC

102.    No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

103.    HYC admits that the parties entered into a Service Contract.  Said Service Contract speaks for itself and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Service Contract, are hereby denied, and HYC demands strict proof thereof.  HYC denies all other allegations made in this paragraph.

104.    Denied.

105.    Denied.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 105.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

## COUNT XI – FRAUDULENT INDUCEMENT
### Against HYC, Uri Silver, and Itamar Aronov

106.    No allegation necessitating the admission or denial by HYC is asserted by OJ Commerce in this paragraph.

107.    HYC admits that the parties entered into a Service Contract.  Said Service Contract speaks for itself and any and all other allegations contained in this paragraph, or in any other paragraphs of the Counterclaim, which seek to interpret, alter or are inconsistent with the terms of the Service Contract, are hereby denied, and HYC demands strict proof thereof.  HYC denies all other allegations made in this paragraph.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

HYC denies that OJ Commerce is entitled to any relief whatsoever let alone any of the relief sought in its "Wherefore" clause following paragraph 116.  HYC prays that OJ Commerce's Counterclaim be dismissed with prejudice; that HYC be awarded any relief due it by statement of law; that all costs be assessed to OJ Commerce; and that HYC be awarded any further relief deemed appropriate by this Court.

Each and every allegation in OJ Commerce's Counterclaim, or part thereof, not expressly admitted is hereby DENIED.

By using the same defined terms, headings and subtitles as used by OJ Commerce in its Counterclaim, HYC make no admissions.  Rather, such use is for ease of reading and convenience only.

<u>**AFFIRMATIVE DEFENSES**</u>

Now, having answered each and every numbered allegation of OJ Commerce's Counterclaim, HYC asserts the following defenses, subject to supplementation and amendment:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

OJ Commerce's Counterclaim against HYC should be dismissed as it fails to state a claim upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

OJ Commerce's Counterclaim against HYC should be dismissed or reduced pursuant to the doctrines of waiver, estoppel, unclean hands, and/or laches.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

OJ Commerce's Counterclaim against HYC should be dismissed or reduced because OJ Commerce first breached the Service Contract and therefore is barred from any recovery under the First Breach Doctrine.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

OJ Commerce's Counterclaim against HYC is barred as a result of OJ Commerce's own inducements and misrepresentations.

## FIFTH AFFIRMATIVE DEFENSE

OJ Commerce's Counterclaim against HYC is barred in whole or in part because of the contractually agreed upon limitations stated in Paragraphs 3 ,4 5, and 9 of the Service Contract.

## SIXTH AFFIRMATIVE DEFENSE

OJ Commerce's Counterclaim against HYC is barred in whole or in part because of OJ Commerce's fraud and other misconduct.

**HYC HAS NOT KNOWINGLY OR INTENTIONALLY WAIVED ANY APPLICABLE AFFIRMATIVE DEFENSE AND RESERVES THE RIGHT TO AMEND THIS ANSWER TO ADD ADDITIONAL DEFENSES OR AFFIRMATIVE DEFENSES AS MAY COME AVAILABLE OR BECOME APPARENT DURING DISCOVERY PROCEEDINGS.  HYC FURTHER RESERVES THE RIGHT TO AMEND THIS ANSWER AND DEFENSES ACCORDINGLY AND TO DELETE DEFENSES IF IT IS DETERMINED, DURING THE COURSE OF DISCOVERY AND OTHER PROCEEDINGS IN THIS CASE, THAT THEY ARE NOT APPLICABLE, UNTIL ALL DISCOVERY IN THIS CASE HAS BEEN COMPLETED.**

**WHEREFORE, PREMISES CONSIDERED**, HYC prays that:

1.     OJ Commerce's Counterclaim against HYC be dismissed with the cost of this cause taxed to OJ Commerce.

2.     That OJ Commerce take nothing by reason of their Counterclaim against HYC and that judgment be rendered in favor of HYC against OJ Commerce on HYC's Complaint.

3.     That HYC be awarded its cost of suit and attorneys' fees incurred in defense of this cause.

4.   For such other and further relief as this court deems just and proper.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

/s/ S. Joshua Kahane
   S. Joshua Kahane (BPR #23726)
Yosef Horowitz (BPR #36353)
Glankler Brown, PLLC
6000 Poplar Ave., Suite 400
Memphis, Tennessee 38119
jkahane@glankler.com
jhorowitz@glankler.com

*Attorneys for Plaintiff HYC Logistics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon the following parties by the CM/ECF system, email and/or United States Mail, postage prepaid:

Aaron W. Davis
Valhalla Legal, PLLC
204 West 7th Street, PMB 222
Northfield, MN 55057
davis@valhallalegal.com

Sam Hecht, Esq.
The Law Offices of Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
sam@hechtlawpa.com

/s/      S. Joshua Kahane
         S. Joshua Kahane