```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| HYC LOGISTICS, INC., | ) |
| | ) |
|     Plaintiff/ | ) |
|     Counter-Defendant, | ) |
| | ) |
| v. | )   No. 23-cv-02050-TLP-tmp |
| | ) |
| JACOB WEISS, INDIVIDUALLY, | ) |
| | ) |
|     Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| OJCOMMERCE, LLC D/B/A | ) |
| OJ COMMERCE, LLC, | ) |
| | ) |
|     Defendants/ | ) |
|     Counter-Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ITAMAR ARONOV, URI SILVER, | ) |
| ANTONIO HERNANDEZ, | ) |
| DAYANA DIAZ, and | ) |
| 562 EXPRESS, INC., | ) |
| | ) |
|     Counter-Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS**
**(ECF NOS. 67, 92, AND 102)**

Before the court is Defendants' First Motion to Compel Discovery, filed on December 15, 2023, and Motion for Protective Order, filed on January 23, 2024. (ECF Nos. 67, 92.) Before the court is also Naomi Home, Inc.'s ("Naomi Home") Corrected Motion for Protective Order. (ECF No. 102.) The motions were referred

to the undersigned on January 1, 2024, January 24, 2024, and January 31, 2024, respectively. (ECF Nos. 84, 93, 100.) For the reasons below, the motions are GRANTED in part and DENIED in part.

On March 1, 2024, the undersigned conducted an in-person hearing on these motions, where counsel for HYC Logistics, Inc. ("HYC") and the counter-defendants and counsel for OJCommerce, LLC d/b/a OJ Commerce, LLC ("OJCommerce") and Jacob Weiss were present. Regarding OJCommerce's First Motion to Compel, the undersigned orders HYC to produce all material related to the twenty-two lawsuits cited in the verified complaint reviewed by Uri Silver before the complaint was signed by March 8, 2024. Additionally, the undersigned denies the motion to compel insofar as it involves Weiss's document requests of Aronov and Silver numbers 4, 5, 6, and 7, as well as his document requests of HYC numbers 4, 5, 6, 7, 9, and 15. The court finds these requests, as worded, seek information that is largely irrelevant to the issue of Weiss's personal jurisdiction. However, Weiss may serve revised document requests or interrogatories that relate only to Weiss's transactions and communications with HYC and/or its agents/employees into Tennessee by March 6, 2024, by the end of business. Should Weiss do so, HYC, Silver, and Aronov will then have until March 15, 2024, to respond.

Regarding the protective order filed by OJCommerce and Weiss, the undersigned first finds that OJCommerce's Rule 30(b)(6) deposition must take place in Memphis, Tennessee. OJCommerce cites caselaw that recognizes that "a defendant may insist on being deposed in the district where he resides." Corum v. Wensley, No. 3:22-CV-241-DCLC-DCP, 2023 WL 6192726, at *1 (E.D. Tenn. May 17, 2023). However, Corum also recognizes that "special circumstances" might require a court to alter this rule. Id. at *2. In this case, OJCommerce is not only a defendant, but also a counter-plaintiff. The undersigned finds that such circumstances necessitate an in-person deposition in the forum district. During the hearing, the undersigned noted that he would take the matter of Weiss's deposition location under advisement. After further consideration, the undersigned finds that because Weiss is a defendant (and not a counter-plaintiff), there is no basis to require him to be deposed in Memphis. See id. at *1 ("[A] defendant may insist on being deposed in the district where he resides."). HYC may conduct Weiss's deposition where he resides or over video conference.

As for the subjects of inquiry noticed for the depositions, the undersigned finds the following:

- For Topic #6,[1] the undersigned finds that, instead of five years' information, HYC is limited to information from January 1, 2022 to January 1, 2023, which more closley aligns with the approximate time period of the contract at issue.

- For Topic #7,[2] the topic will be narrowed to include only those entities whose names appear in documents in the record. HYC is instructed to serve OJCommerce with the list of these entities by March 6, 2024, by the close of business.

- For Topic #9,[3] the undersigned limits the discoverable information to OJCommerce's state and federal tax returns for the years 2022 and 2023, regardless of when they were filed.

- For Topics #10-15,[4] the undersigned limits inquiries to comprehensive financial statements and the financial

---

[1] "Compensation of, and/or distribution to, OJ's members, as it relates to OJ's business operations." (ECF No. 92 at PageID 798.)
[2] "Any business entities (including, but not limited to limited liability company, partnership, or corporation) in which OJ owns any interest, stake, and stock." (ECF No. 92 at PageID 799.)
[3] "OJ's state and federal tax filings for the last five (5) years. This includes, but is not limited to, the jurisdiction (i.e. state) in which OJ filed a tax return or tax document of any kind during the period, the amount of income claimed by OJ, all deductions claimed by OJ, and the amount of tax paid by OJ (or its members)." (ECF No. 92 at PageID 799.)
[4] "10. OJ's finances – for the last five (5) years. This includes OJ's financial statements (i.e., income statement, balance sheet, cash flows, etc.), as well as OJ's general financial condition.
11. OJ's banking information for the last five (5) years. This includes, but is not limited to, the identity of all depository institutions in which any

condition of OJCommerce from January 1, 2022 to December 31, 2023.

- For Topic #16,[5] the undersigned limits inquiries about any notices or events of default on any loan on which OJCommerce is obligor to those occurring between January 1, 2022 and December 31, 2023.

- For Topic #17,[6] the undersigned strikes questions regarding real property transactions and limits inquiries to only those entities identified under Topic #7.

- For Topic #18,[7] the undersigned recognizes that this topic has been withdrawn by counsel for HYC.

- For Topic #19,[8] the undersigned noted during the hearing that he took this matter under advisement. After further

---

account OJ owns, holds, or controls is located, or that otherwise holds any of OJ's funds.
12. OJ's AR (accounts receivable for the last two (2) years.
13. OJ's AP (accounts payable) for the last two (2) years – particularly as it related to third-party vendors providing any form of logistics and/or transportation and/or shipping services to OJ, as well as any invoices or debts that have remained unpaid beyond either the payment terms agreed upon with each relevant vendor, or 90 days, whichever is shorter.
14. OJ's liquidity – i.e., available cash on hand – for the last two (2) years.
15. OJ's loan history for the last five (5) years. This includes, but is not limited to, any loan applied for or otherwise received by OJ, the identity of each relevant lender, the amount of each relevant loan, the purpose of each relevant loan, and the status of each relevant loan." (ECF No. 92 at PageID 799.)
[5]"Any notices or events of default on any loan on which OJ is obligor in the last five (5) years – whether or not OJ agrees that OJ was (or is) in default under any relevant loan." (ECF No. 92 at PageID 799.)
[6]"Any loan, real property transaction, or any other type of transaction on or in which OJ is a guarantor of any kind, whether conditional or absolute, partial or full, recourse or nonrecourse." (ECF No. 92 at PageID 799.)
[7]"Any loan, grant, or gift made by OJ to anyone else, including any of its members, employees, or other third-parties." (ECF No. 92 at PageID 799.)

consideration, the undersigned finds that OJCommerce's litigation history may be relevant. Therefore, the undersigned orders that OJCommerce's Rule 30(b)(6) deponent be prepared to answer questions regarding any litigation in state or federal court where OJCommerce is a party in which the complaint filed between January 1, 2020 and December 31, 2022.

- For Topic #20,[9] the undersigned recognizes that this topic has been withdrawn by counsel for HYC.

- For Topic #21,[10] the undersigned recognizes that this topic has been withdrawn by counsel for HYC.

- For Topic #44,[11] the undersigned limits inquiries about OJCommerce's business relationships with any logistics company and/or ground transportation company to the time between January 1, 2022 and December 31, 2023.

---

[8] "OJ's litigation history, particularly as it relates to actions involving allegations of unpaid debts and/or invoices." (ECF No. 92 at PageID 799.)
[9] "Any (legal) judgments against OJ in the last five (5) years – whether or not final, whether or not on appeal, and/or whether or not settled or otherwise satisfied." (ECF No. 92 at PageID 800.)
[10] "Any depositions given by OJ (or any member or designated representative) in any court or arbitration proceeding in the last five (5) years. This topic includes, but is not limited to, the identity of the deponent, the case in which the deposition was given, the date of the deposition, and the nature/scope/subject matter of the deposition." (ECF No. 92 at PageID 800.)
[11] "OJ's business relationship – including any contractual relationship – with any logistics company (similar to HYC) and/or ground transportation (i.e., shipping) company (similar to 562) for the last five (5) years." (ECF No. 92 at PageID 800.)

- For Topic #49,[12] the undersigned finds that this topic falls outside the proper scope of a Rule 30(b)(6) deposition for the claims and defenses at issue. Therefore, the undersigned strikes this topic. However, this ruling does not preclude HYC from seeking relief through filing a separate motion to strike the challenged filing at ECF No. 77).

Finally, regarding Naomi Home's Corrected Motion for Protective Order, the undersigned orders the parties to meet and confer in good faith and inform the court by March 6, 2024, about whether this discovery matter is resolved.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 4, 2024
Date

---

[12] "The facts underlying OJ's opposition to the withdrawal of Richard Glassman, Esq, and his firm, from representing OJ in this action. This topic does not seek the content of any attorney-client communications." (ECF No. 92 at PageID 800.)