```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| HYC LOGISTICS, INC., | ) |
| | ) |
|     **Plaintiff/** | ) |
|     **Counter-Defendant,** | ) |
| | ) |
| v. | )  No. 23-cv-02050-TLP-tmp |
| | ) |
| JACOB WEISS, INDIVIDUALLY, | ) |
| | ) |
|     **Defendant,** | ) |
| | ) |
| and | ) |
| | ) |
| OJCOMMERCE, LLC D/B/A | ) |
| OJ COMMERCE, LLC, | ) |
| | ) |
|     **Defendants/** | ) |
|     **Counter-Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| ITAMAR ARONOV, URI SILVER, | ) |
| ANTONIO HERNANDEZ, | ) |
| DAYANA DIAZ, and | ) |
| 562 EXPRESS, INC., | ) |
| | ) |
|     **Counter-Defendants.** | ) |

**ORDER REGARDING PENDING DISCOVERY MOTIONS (ECF NOS. 128, 139, 140, 142 AND 151)**

## I. BACKGROUND

Before the court are the following five motions:

- Counter-Defendants' Motion to Compel, filed on March 15, 2024. (ECF No. 128.) This motion was referred on March 19, 2024. (ECF No. 133.) The undersigned held a hearing on this motion on March 25, 2024. (ECF No. 138.)

- Defendants' Renewed Motion to Compel, filed on March 27, 2024. (ECF No. 139.) This motion was referred on March 28, 2024. (ECF No. 141.)

- Counter-Defendant HYC Logistics, Inc.'s ("HYC") Motion for Protective Order, filed on March 27, 2024. (ECF Nos. 140.) This motion was referred on March 28, 2024. (ECF No. 141.)

- Counter-Defendant 562 Express, Inc.'s ("562") Motion for Protective Order, filed on March 29, 2024. (ECF No. 142.) This motion was referred on April 2, 2024. (ECF No. 146.)

- Defendant Jacob Weiss's Motion for Protective Order, filed on April 5, 2024. (ECF No. 151.) This motion was referred on April 9, 2024. (ECF No. 155.)

The discovery deadline, set for March 29, 2024, has since passed. (ECF No. 56 at PageID 411.) On April 2, 2024, the undersigned ordered the parties to share status updates on the first four motions. (ECF No. 147.) The parties both submitted status updates on April 5, 2024. (ECF Nos. 150, 153.)

## II. ANALYSIS

### A. HYC's Motion to Compel Depositions of Weiss, OJCommerce, LLC, and Naomi Home, Inc. at ECF No. 128

In the first motion, HYC requests that the undersigned order Weiss, OJCommerce, LLC ("OJCommerce") and Naomi Home, Inc. ("Naomi Home") to appear for depositions "on a date certain." (ECF No. 128 at PageID 1100.) As to the deposition of Naomi Home, the parties have reached an agreement for Naomi Home to submit a sworn declaration, which will render moot the need to depose Naomi Home. Therefore, this part of the motion is denied as moot. (ECF Nos. 150, 153.) As to the matter of Weiss's

- 2 -

deposition, counsel for HYC noticed the deposition to occur in Miami, Florida, for Monday, April 8, 2024. (ECF No. 143.) Based on the Defendants' subsequent motion for protective order filed on April 5, 2024, the undersigned understands that this deposition has now been completed. (ECF No. 151.) Therefore, the part of HYC's Motion to Compel relating to Weiss's deposition is denied as moot.

As to the matter of the Rule 30(b)(6) deposition of OJCommerce, OJCommerce claimed in its status report that it was prepared for Weiss to sit as the Rule 30(b)(6) deponent on April 8, 2024. (ECF No. 151 at PageID 1248.) By contrast, HYC stated in its status report that "[t]he Rule 30(b)(6) deposition of OJ Commerce, LLC will be held in Memphis. Counsel for Plaintiffs have made several written requests (most recently on April 3, 2024) to counsel for OJ Commerce requesting that OJ Commerce provide a date for this deposition and the identity of the Rule 30(b)(6) witness." (ECF No. 153 at PageID 1288.) On April 10, 2024, OJCommerce filed a supplemental memorandum to its Motion for Protective Order at ECF No. 151, stating that "OJC designates Mr. Weiss' entire testimony from the April 8 deposition . . . as OJC's corporate testimony on those matters." (ECF No. 156 at PageID 1296.) The undersigned will not prevent HYC from taking OJCommerce's Rule 30(b)(6) deposition in Memphis, Tennessee. The undersigned previously ruled that

"OJCommerce's Rule 30(b)(6) deposition must take place in Memphis, Tennessee," and finds no basis to reconsider this ruling. (ECF No. 119 at PageID 1071.) HYC's Motion to Compel as to OJCommerce's Rule 30(b)(6) deposition is therefore granted.[1]

**B.   OJCommerce's Renewed Motion to Compel at ECF No. 139**

In the second motion, OJCommerce seeks the production of information and documents revealed during its depositions that it claims HYC and 562 have wrongfully withheld. (ECF No. 139 at PageID 1141–43.) It also seeks to re-depose 562 and HYC's witnesses. (Id. at PageID 1143.) In their response, the counter-defendants describe turning over hundreds of additional

---

[1]The court separately notes that, five days prior to his deposition, Weiss, who shares counsel with OJCommerce, filed a Motion for Protective Order insisting that the April 8, 2024 deposition for Weiss would drag on past working hours: "Mr. Kahane's late start guarantees that the seven-hour deposition will go well past business hours. It further creates the potential that the deposition may not be completed in one day. This severely prejudice's [sic] Mr. Weiss, who is leaving the country on April 9th for an extended stay in Israel." (ECF No. 151 at PageID 1248.) Yet, in its supplemental memorandum, OJCommerce complains now that the deposition lasted "only **3.5 hours**" and that counsel for HYC

> needlessly spent the last 30 minutes of the deposition asking Mr. Weiss about his schedule later in April instead of asking about the 30(b)(6) topics, and then ended the deposition with at least 90 more minutes left, even though Mr. Weiss was willing to continue to testify on the remaining topics. HYC therefore willingly chose to not use at least two hours of deposition time to complete the Rule 30(b)(6) topics when the witness was willing to do so.

(ECF No. 156 at PageID 1296–97) (emphasis in original) (citation omitted).

documents based on some of OJCommerce's requests, and state they have produced in their entirety, or are unable to locate, the rest. (ECF No. 152 at PageID 1254–60.) Given that additional documents have now been produced, the undersigned grants OJCommerce the opportunity to submit a reply explaining any remaining issues relating to the discovery of these documents. This reply will be due to the court by Friday, April 19, 2024, at 12:00 p.m. Central Standard Time.

**C.   HYC and 562's Motions for Protective Order at ECF Nos. 140, 142**

In HYC's Motion for Protective Order, it claims that OJCommerce should be prevented from conducting a Rule 30(b)(6) deposition of HYC because some of the topics OJCommerce noticed for the Rule 30(b)(6) deposition were already covered during HYC President Uri Silver's personal deposition conducted on March 19, 2024. (ECF No. 140.) 562 makes a similar motion objecting to its potential Rule 30(b)(6) deposition, arguing that the topics have already been covered during the personal deposition of Antonio Hernandez, 562's Vice President, conducted on March 19, 2024. (ECF No. 142.) Each movant argues that, during the course of the personal depositions, their counsel objected to questions related to their respective companies and claims that OJCommerce has now waived its right to conduct Rule 30(b)(6) depositions. (ECF No. 140 at PageID 1153; ECF No. 142 at PageID 1165.) In

response, OJCommerce argues that only eight out of twenty-three topics noticed for the Rule 30(b)(6) deposition were covered in Silver's deposition, and only three out of twelve were broached during Hernandez's deposition. (ECF No. 144 at PageID 1177; ECF No. 145 at PageID 1196.) It also argues that both Silver and Hernandez were asked the questions in their personal capacity, not necessarily as representatives of the company. (ECF No. 144 at PageID 1175–76; ECF No. 145 at PageID 1195.) In its April 2, 2024 order, the court granted the respective movants the opportunity to reply. (ECF No. 147 at PageID 1215.) Both movants replied on April 5, 2024. (ECF Nos. 148, 149.) The undersigned finds that the questions counsel for OJCommerce asked of the two individuals did not waive the party's Rule 30(b)(6) depositions. Neither Silver's nor Hernandez's depositions covered the vast majority of the topics OJCommerce listed in its Rule 30(b)(6) deposition notices. (ECF No. 144 at PageID 1177; ECF No. 145 at PageID 1196.) Although the movants were given the opportunity to reply, they did not contest this argument by OJCommerce. Therefore, the motion is denied.

**D.  Weiss's Motion for Protective Order at ECF No. 151**

In Defendant Jacob Weiss's Motion for Protective Order, he sought to ensure that his April 8, 2024 deposition occur only during business hours. (ECF No. 151.) Because the deposition has

already occurred, and was apparently completed during business hours, this motion is denied as moot.

    IT IS SO ORDERED.

                                        s/Tu M. Pham
                                        TU M. PHAM
                                        Chief United States Magistrate Judge

                                        April 11, 2024
                                        Date