```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| HYC LOGISTICS, INC.,                ) | |
|                                     ) | |
|     Plaintiff/                      ) | |
|     Counter-Defendant,              ) | |
|                                     ) | |
| v.                                  ) | No. 23-cv-02050-TLP-tmp |
|                                     ) | |
| JACOB WEISS, INDIVIDUALLY,          ) | |
|                                     ) | |
|     Defendant,                      ) | |
|                                     ) | |
| and                                 ) | |
|                                     ) | |
| OJCOMMERCE, LLC D/B/A               ) | |
| OJ COMMERCE, LLC,                   ) | |
|                                     ) | |
|     Defendants/                     ) | |
|     Counter-Plaintiffs,             ) | |
|                                     ) | |
| v.                                  ) | |
|                                     ) | |
| ITAMAR ARONOV, URI SILVER,          ) | |
| ANTONIO HERNANDEZ,                  ) | |
| DAYANA DIAZ, and                    ) | |
| 562 EXPRESS, INC.,                  ) | |
|                                     ) | |
|     Counter-Defendants.             ) | |

**ORDER REGARDING DEFENDANTS OJCOMMERCE AND JACOB WEISS'S RENEWED MOTION TO COMPEL AT ECF NO. 139**

Before the court is Defendants OJCommerce, LLC d/b/a OJ Commerce, LLC ("OJCommerce") and Jacob Weiss's Renewed Motion to Compel. (ECF Nos. 139.) This motion was referred to the undersigned on March 28, 2024. (ECF No. 141.) Following the counter-defendants' response, filed at ECF No. 152, in which

they explained that numerous additional documents had been produced, the undersigned granted the defendants the opportunity to reply in an April 11, 2024 order. (ECF No. 157 at PageID 1307.) The defendants filed their reply on April 17, 2024. (ECF No. 160.)

In their reply, the defendants renew only two of their arguments from their initial motion. First, they re-affirm their desire for responsive documents relating to per diem charges, which they describe as forming "a significant percentage of HYC's claim in this case." (Id. at PageID 1320.) In their response, the counter-defendants stated that they were "unable to locate documents responsive" either for the per diem charges to ocean liners or for the claims/disputes the counter-defendants filed with the ocean liners. (ECF No. 152 at PageID 1254.) The defendants ask that the counter-defendants "not be allowed to later use any information that allegedly supports their baseless per diem fees and pay Defendants' expenses for having to renew their motion in the first place." (ECF No. 160 at PageID 1320.) The undersigned finds that the requested preclusion order is premature. Although it appears that such an order may be warranted, there may be circumstances (theoretically) that could excuse the counter-defendants' failure to produce. At present, the undersigned instead orders that the counter-defendants provide a verified response to the

defendants confirming that they are, in fact, unable to locate both (a) "Email confirmations of any payments made by HYC or 562 to ocean liners for per diem charges" and (b) "Emails related to claims/disputes 562 or HYC filed with ocean liners on OJC's per diem charges, confirmations of those claims/disputes, disposition of those claims/disputes." (Id. at PageID 1319–20.) This verified response is due Wednesday, April 24, 2024, at 12:00 p.m. Central Standard Time.

Second, the defendants allege that they were able to reach counter-defendant Dayana Diaz following representations from counsel for the counter-defendants that they could not locate her. (Id. at PageID 1321–22.) In hearings before the undersigned, counsel for the counter-defendants stated that they did not have a line of communication with Diaz and intended to withdraw as her counsel. The defendants now allege that, following conversations with Diaz and Antonio Hernandez, counsel for the counter-defendants has, in fact, spoken to Diaz and neither she nor Hernandez was aware that counsel for the counter-defendants intended to withdraw as her counsel. The defendants seek first for the court to compel Diaz's deposition. Now that she has been located, the undersigned agrees: the counter-defendants must make Diaz available for deposition.

The defendants further seek for the court to levy sanctions against counsel for the counter-defendants for "wasting valuable

- 3 -

time and resources, making repeated misrepresentations to this Court and OJC about Ms. Diaz's representation status, and further delaying the completion of discovery in this case." (Id. at PageID 1322.) The undersigned will allow for the counter-defendants to file a sur-reply by Wednesday, April 24, 2024, 12:00 p.m. Central Standard Time, as to the limited issue of whether sanctions are appropriate against counsel for delays in setting Diaz's deposition.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 18, 2024
Date