IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **HYC LOGISTICS, INC.,** ) | |
| ) | |
|     **Plaintiff/** ) | |
|     **Counter-Defendant,** ) | |
| ) | |
| v. ) | No. 23-cv-02050-TLP-tmp |
| ) | |
| **JACOB WEISS, INDIVIDUALLY,** ) | |
| ) | |
|     **Defendant,** ) | |
| ) | |
| and ) | |
| ) | |
| **OJCOMMERCE, LLC D/B/A** ) | |
| **OJ COMMERCE, LLC,** ) | |
| ) | |
|     **Defendants/** ) | |
|     **Counter-Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **ITAMAR ARONOV, URI SILVER,** ) | |
| **ANTONIO HERNANDEZ,** ) | |
| **DAYANA DIAZ, and** ) | |
| **562 EXPRESS, INC.,** ) | |
| ) | |
|     **Counter-Defendants.** ) | |

**SECOND ORDER REGARDING DEFENDANTS OJCOMMERCE AND JACOB WEISS'S RENEWED MOTION TO COMPEL AT ECF NO. 139**

Before the court is Defendants OJCommerce, LLC d/b/a OJ Commerce, LLC ("OJCommerce") and Jacob Weiss's Renewed Motion to Compel. (ECF Nos. 139.) This motion was referred to the undersigned on March 28, 2024. (ECF No. 141.) Following the counter-defendants' response, filed at ECF No. 152, in which

they explained that numerous additional documents had been produced, the undersigned granted the defendants the opportunity to reply in an April 11 order. (ECF No. 157 at PageID 1307.) The defendants filed their reply on April 17, 2024. (ECF No. 160.) In the reply, the defendants renewed only two of their arguments from their initial motion: they re-affirmed their desire for responsive documents relating to per diem charges and they sought sanctions against counsel for the counter-defendants for delays in setting Dayana Diaz's deposition. (ECF No. 160 at PageID 1320–22.) The undersigned provided the counter-defendants the opportunity to submit a sur-reply as to both issues. (ECF No. 161.) The counter-defendants submitted their sur-reply on April 22, 2024. (ECF No. 164.)

Regarding the responsive documents related to counter-defendants HYC Logistics, Inc. ("HYC") and 562 Express, Inc.'s ("562") per diem charges, the counter-defendants recognize that OJCommerce "submitted a spreadsheet to HYC entitled 'HYC Per Diem Consolidated_Final' in late 2022 detailing 62 containers with contested per diem charges." (Id. at PageID 1343.) They assert that Antonio Hernandez has found and produced documentation for "two containers with $450.00 in total per diem charges that 562 Express paid for." (Id. at PageID 1344.) The counter-defendants attached a declaration from Hernandez stating that he is

> continuing to search for additional information regarding the status of the per diem charges that may have been waived or are still disputed on the remaining 59 containers. [He] will provide that information prior to the Rule 30(b)(6) deposition of 562 Express that will be taking place in the near future.

(ECF No. 164-2 at PageID 1350.) The undersigned will remind the counter-defendants of their discovery obligations under Federal Rules of Civil Procedure Rule 26(e). The requirement to supplement does not grant a party the right to produce supplemental discovery on a rolling basis at their leisure. The undersigned sees no reason that rolling discovery here should be permitted, especially given that the responsive documents are limited in scope and the discovery deadline passed a month ago. If Hernandez has access to or knows how to locate more of these per diem charges, he is obligated to do so promptly. The undersigned orders the counter-defendants to provide a supplemental discovery response by Wednesday, May 1, 2024, at 12:00 p.m. Central Standard Time, affirming that Hernandez has done so, and attaching any additional documents he has located. The defendants request that the counter-defendants be barred from later using "any information that allegedly supports their . . . per diem fees," and ask that the undersigned order the counter-defendants to pay their expenses for renewing their motion. (ECF No. 160 at PageID 1320.) As was stated in the

- 3 -

previous order, the undersigned does not currently find these measures appropriate.

The defendants also make a claim for sanctions stemming from the counter-defendants' delays in setting Dayana Diaz's deposition. (Id. at PageID 1322.) In the April 18, 2024 Order, the undersigned summarized the facts as follows:

> [T]he defendants allege that they were able to reach counter-defendant Dayana Diaz following representations from counsel for the counter-defendants that they could not locate her. (Id. at PageID 1321–22.) In hearings before the undersigned, counsel for the counter-defendants stated that they did not have a line of communication with Diaz and intended to withdraw as her counsel. The defendants now allege that, following conversations with Diaz and Antonio Hernandez, counsel for the counter-defendants has, in fact, spoken to Diaz and neither she nor Hernandez was aware that counsel for the counter-defendants intended to withdraw as her counsel. The defendants seek first for the court to compel Diaz's deposition. Now that she has been located, the undersigned agrees: the counter-defendants must make Diaz available for deposition.

(ECF No. 161 at PageID 1331.) The counter-defendants' sur-reply essentially restated that their counsel attempted to reach Diaz unsuccessfully, providing no real explanation or excuse. (ECF No. 164 at PageID 1344–45.) While this lack of an explanation is troubling, sanctions will not be imposed because, quite frankly, this conduct is the latest in a long history of concerning conduct in this case. Conduct of counsel for *all* parties has been troubling and has caused repeated delays contrary to Federal Rules of Civil Procedure Rule 1, which requires parties

to act in a manner that ensures the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

    IT IS SO ORDERED.

                            s/Tu M. Pham
                            TU M. PHAM
                            Chief United States Magistrate Judge

                            April 26, 2024
                            Date