```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

```
HYC LOGISTICS, INC.,             )
                                 )
    Plaintiff/                   )
    Counter-Defendant,           )
                                 )
v.                               )   No. 23-cv-02050-TLP-tmp
                                 )
JACOB WEISS, INDIVIDUALLY,       )
                                 )
    Defendant,                   )
                                 )
and                              )
                                 )
OJCOMMERCE, LLC D/B/A            )
OJ COMMERCE, LLC,                )
                                 )
    Defendants/                  )
    Counter-Plaintiffs,          )
                                 )
v.                               )
                                 )
ITAMAR ARONOV, URI SILVER,       )
ANTONIO HERNANDEZ,               )
DAYANA DIAZ, and                 )
562 EXPRESS, INC.,               )
                                 )
    Counter-Defendants.          )
```

**ORDER SETTING IN-PERSON HEARING ON MOTIONS AT ECF NOS. 172 & 175**

Before the court are two motions:

(1) Counter-Defendants' Motion to Compel Depositions, filed on May 14, 2024. (ECF No. 172.) This motion was referred on May 15, 2024. (ECF No. 173.)

(2) Defendant OJCommerce, LLC's ("OJCommerce") Cross-Motion to Compel Depositions, filed on May 20, 2024. (ECF No. 175.) This motion was referred on May 21, 2024. (ECF No. 176.)

The parties are disputing over scheduling of four depositions: the fact deposition of counter-defendant Dayana Diaz and the Rule 30(b)(6) depositions of defendant OJCommerce, plaintiff HYC Logistics, Inc. ("HYC"), and counter-defendant 562 Express, Inc. ("562"). Between the two motions and their accompanying responses, each party accuses the other of intentional delay and obfuscation. (ECF No. 175 at PageID 2368; ECF No. 178 at PageID 2384.) On numerous occasions, the undersigned has asked — and then ordered — these parties to deliberate amongst themselves to resolve these completely ordinary discovery issues. Instead, with just about every single aspect of this discovery process, the parties return to the court demanding it expend its resources and time settling these scores. These two current motions provide conflicting accounts of what has transpired in discussions about setting these depositions, which are now two months (and counting) past what should have been the close of discovery.

Therefore, the undersigned ORDERS that a hearing at the federal courthouse in Memphis, Tennessee, for the depositions of Diaz and the three 30(b)(6) deponents, take place on June 18,

2024, at 9:30 a.m. Central Standard Time. *All counsel of record – including out-of-state counsel – must be present.* However, out-of-state counsel may appear by video with three days' notice prior to the hearing.

The remaining deposition scheduling issues will be settled during this hearing. Should the parties come to agreement about dates for depositions, and the undersigned is no longer needed to resolve these issues, the parties are ordered to jointly notify the court in writing that they have set dates. This notification must include exact details, including who will be deposed, the exact location of the deposition, all people who will be present at the deposition, and the start time. Should all of these requirements be met, the undersigned will cancel the hearing.

IT IS SO ORDERED.

<pre>
                              s/Tu M. Pham                    
                              TU M. PHAM
                              Chief United States Magistrate Judge

                              May 29, 2024                    
                              Date
</pre>