# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

HYC LOGISTICS, INC.,

    Plaintiff/Counter-Defendant,

vs.

OJCOMMERCE, LLC D/B/A
OJ COMMERCE, LLC AND
JACOB WEISS, INDIVIDUALLY,

    Defendants/Counter-Plaintiff.

vs.

ITAMAR ARONOV, URI SILVER,
ANTONIO HERNANDEZ, AND
DAYANA DIAZ

    Counter-Defendants

Civil Action No. 2:23-cv-02050-TLP-tmp

---

OJ COMMERCE, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

562 EXPRESS, INC.,
a California corporation,

    Defendant.

Civil Action No. 2:23-cv-02226-TLP-atc
CONSOLIDATED

---

**562 EXPRESS, INC.'S RESPONSE IN OPPOSITION O THE EXPEDITED MOTION
FILED BY OJ COMMERCE, LLC AND JACOB WEISS
TO COMPEL AND FOR SANCTIONS AGAINST 562 EXPRESS, INC.**

    **COMES NOW**, 562 Express, Inc. ("562 Express"), by and through undersigned Counsel of Record, and file this Response in Opposition to the Expedited Motion of OJ Commerce, LLC

("OJ" or "OJ Commerce") seeking to compel a further deposition of 562 Express and for sanctions (the "Motion") (D.E. 219).

## INTRODUCTION

The Motion seeks a third deposition of Antonio Hernandez, having already been deposed on two other occasions by OJ Commerce's legal counsel, for nearly 11 hours. The Motion also seeks production of certain financial documents; some of which has already been produced to OJ Commerce, while others are simply not in the possession of 562 Express and therefore cannot be produced. It should be noted that none of these records have any bearing on the issues before this Court in the subject litigation – namely, whether HYC properly exercised its contractual lien rights after OJ Commerce admittedly failed to pay invoices that were due for services provided.

As this Court is keenly aware, 562 Express was retained by HYC Logistics, Inc. to provide services and transport OJ Commerce containers between August 2022 and December 2022. When HYC properly exercised its contractual lien rights over OJ Commerce containers, 562 Express transported and is now storing the containers. OJ Commerce sued 562 Express in the USDC in California. That case was transferred to the USDC for the Western District of Tennessee and consolidated with a case where HYC Logistics, Inc. sued OJ Commerce for non-payment and other relief.

OJ Commerce also named 562 Express' principle, Antonio Hernandez as an individual defendant in a Counterclaim. The counterclaim of OJ Commerce against Mr. Hernandez individually was dismissed by Judge Parker on August 5, 2024. (D.E. 226 - Order; D.E. 227 - Judgment)

Antonio Hernandez appeared for a deposition in his individual capacity on March 25, 2024. That deposition started at 12:05 PM Eastern and finished at 8:34 PM Eastern. The transcript is 246

pages. Antonio Hernandez appeared as 562 Express' Rule 30(b)(6) corporate representative on July 18, 2024. That deposition started at 2:01 PM Eastern and concluded at 5:16 PM Eastern. Antonio Hernandez has been deposed for more than 11 hours by counsel for OJ Commerce.

## DOCUMENT PRODUCTION

The first aspect of the Motion concerns documents requested by OJ Commerce of 562 Express' in the Rule 30(b)(6) notice. Counsel for 562 Express have worked diligently together to secure all requested records. While OJ Commerce paints with a broad brush and claims that no responsive documents were produced, this accusation is simply untrue.

At the July 18 deposition, Antonio Hernandez provided electronic copies of 562 Express' bank records from August 2023 through June 2024. And while the request from OJ was limited to bank records from 2022 and 2023, the bank records from 2024 were also produced. (Hernandez transcript, pages 79-88).

At the deposition, counsel for OJ Commerce inquired about the beginning and ending balance of each month from August 2023 through June 2024. The only question posed was about the fluctuation in accounts, to which the deponent responded that the changes were a result of months when collections were more successful and those that were less successful. (Hernandez transcript, p. 83).

The absence of any further questions from OJ Commerce regarding these bank records is telling. It is unclear what purpose is served in seeking this financial information - and OJ Commerce in fact never explains **why** these records are needed. The bank records and balances reflected therein do not in any way demonstrate a fact or allegation that is relevant to any of OJ's claims that remain. "[A]t some point, discovery yields only diminishing returns and increasing expenses." *Raymond James & Assoc. v. 50 North Front St. TN, LLC*, 2020 WL 1527827 (W.D.

Tenn. Mar. 30, 2020) citing *Updike v. Clackamas Cty.*, No. 3:15-CV-00723-SI, 2016 WL 111424, at *1 (D. Or. Jan. 11, 2016)

A second category of documents sought by OJ Commerce concerned the compensation and distributions made to officers, directors and shareholders of 562 Express between January 1, 2022 and January 1, 2023. As indicated in the Declaration of Antonio Hernandez, his search indicated that there were no distributions made. (See attached Declaration of Antonio Hernandez) With respect to compensation, he testified at the deposition on July 18, 2024, that he received $65,000 salary in 2022 and $90,000 in 2023. (Transcript, p. 89)

The other owner of the 565 Express is Oscar Hernandez. He received $75,000 in 2022 as salary and $80,000 in salary in 2023. (Transcript, p. 90)

A third category of documents OJ Commerce sought was tax returns for 2022 and 2023. Antonio Hernandez made a search and inquired with the accountant of 562 Express. (See attached Declaration of Antonio Hernandez). Antonio Hernandez learned that 562 Express has not filed tax returns for 2022 or 2023. While Antonio Hernandez testified at his deposition that 562 Express requested an extension for the 2023 return, at the time he was deposed, he was not aware that 562 Express had also requested an extension for the 2022 tax return. (See attached Declaration of Antonio Hernandez)

A fourth category of documents requested by OJ Commerce seeks accounts receivable, accounts payable, liquidity, loan history and notice of defaults of 562 Express between January 1, 2022 and December 31, 2023. Antonio Hernandez has made inquiries and searched the records of 562 Express and in his Declaration indicates that 562 Express does not have records reflecting accounts receivable or accounts payable. (See attached Declaration of Antonio Hernandez) Regarding liquidity, the bank statements presented at the deposition reflect a running total of

available cash at the end of each month, from August 2023 through June 2024. (See attached Declaration of Antonio Hernandez)

The December 31, 2022 bank statement reflects an ending balance of $2,200,278.95. (See attached Declaration of Antonio Hernandez) The December 31, 2023 bank statement reflects an ending balance of $1,513,131.67. (See attached Declaration of Antonio Hernandez) There were loans for this period, as testified at the deposition. (A. Hernandez Transcript, p. 44)  There were no notices of default, as testified at the deposition. (A. Hernandez Transcript, p. 45)

Given the above, there is no merit to the claim that sanctions are warranted. The discovery available to 562 Express has been produced. The marginal utility of the financial records is evident and OJ Commerce fails to address what aspect of its remining claims or defenses cannot be fully developed absent this discovery.

## DEPOSITION TESTIMONY

OJ Commerce alleges that Antonio Hernandez was unprepared to testify about **three topics** that were contained in the Rule 30(b)(6) list of topics.  But OJ Commerce's Rule 30(b)(6) list of topics contained 21 (twenty-one) different areas of inquiry. See D.E. 192.  The three topics OJ Commerce complains of are in connection with the financial standing of 562 Express, its finances (Topic 6), banking information (Topic 7) and accounts receivable/payable (Topic 8).

As described above, Antonio Hernandez has verified that 562 Express does not maintain records regarding accounts receivable/payable. Moreover, the banking information was provided at the deposition (Bank Statements from August 2023 through June 2024).

It is evident that the alleged deficiencies in the Rule 30(b)(6) deponent's testimony are not genuine deficiencies.  Counsel for OJ Commerce had more than 11 hours worth of questions for

Antonio Hernandez, and the alleged failure to testify about matters unrelated to the lawsuit are certainly not sanctionable.

For example, the 11th Circuit held that a defendant cruise line complied with its obligation to sufficiently prepare its designated witness. In the context of the extensive questioning, the lapses in the witness's answers suggested lapses of preparation, but they did not rise to the level of sanctionable conduct. Accordingly, the district court acted within its discretion in not imposing sanctions. *Fuentes v. Classica Cruise Operator Ltd.,* Inc., 32 F.4th 1311 (11th Cir. 2022),

Absolute perfection is not required of a 30(b)(6) witness. The mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation. *Costa v. County of Burlington,* 254 F.R.D. 187, 191 (D.N.J.2008) (explaining that the corporation need not produce witnesses who know every single fact-only those relevant and material to the incidents underlying the lawsuit).

## **CONCLUSION**

The Motion seeking to compel a third deposition and seeking sanctions should be denied in its entirety. None of the requested records have any bearing on the issues before this Court - whether HYC properly exercised its contractual lien rights after OJ Commerce admittedly failed to pay invoices that were due and owing for services provided for the benefit of OJ Commerce. All documents available for production have been produced and the designated witness is accused of not being able to respond to three of twenty-one topics, and those topics are unrelated to the substance of this lawsuit. The Motion should be DENIED.

                **GLANKLER BROWN, PLLC**

By: /s/ S. Joshua Kahane
     S. Joshua Kahane (TN #23726)
Yosef Horowitz (TN #36353)
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Phone : (901) 525-1322
Fax : (901) 525-2389
jkahane@glankler.com
jhorowitz@glankler.com

*Attorneys for HYC Logistics, Inc., 562 Express, Inc., Itamar Aronov, Uri Silver, Antonio Hernandez, and Dayana Diaz*

### CERTIFICATE OF SERVICE

    I hereby certify that on August 6, 2024, a copy of the foregoing has been served upon the following by operation of the Court's ECF system and email:

Aaron W. Davis
Valhalla Legal, PLLC
204 West 7th Street, PMB 222
Northfield, MN 55057
davis@valhallalegal.com

Sam Hecht, Esq.
The Law Offices of Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
sam@hechtlawpa.com

Lawrence J. Laurenzi
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
Phone: (901) 524-5000
LLaurenzi@bpjlaw.com

                /s/    S. Joshua Kahane
                    S. Joshua Kahane