IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **HYC LOGISTICS, INC.,** ) | |
| ) | |
|     Plaintiff/ ) | |
|     Counter-Defendant, ) | |
| ) | |
| v. ) | No. 23-cv-02050-TLP-tmp |
| ) | |
| **JACOB WEISS, INDIVIDUALLY,** ) | |
| ) | |
|     Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| **OJCOMMERCE, LLC D/B/A** ) | |
| **OJ COMMERCE, LLC,** ) | |
| ) | |
|     Defendants/ ) | |
|     Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **562 EXPRESS, INC.,** ) | |
| ) | |
|     Counter-Defendant. ) | |

---

**ORDER GRANTING IN PART COUNTER-PLAINTIFF'S EXPEDITED MOTION TO COMPEL AND FOR SANCTIONS**

---

On July 28, 2024, Counter-Plaintiff OJCommerce, LLC ("OJCommerce") filed an Expedited Motion to Compel and for Sanctions. (ECF No. 219.) OJCommerce seeks to have 562 Express, Inc. ("562") re-deposed after its July 18, 2024 Rule 30(b)(6) deposition, in which it argues 562's corporate deponent, Antonio

Hernandez,[1] was not prepared and failed to produce requested documents. (ECF No. 185.) This motion was referred to the undersigned on July 30, 2024. (ECF No. 224.) Because the motion was expedited, the discovery deadline passed months ago, and this case is currently set for trial in less than two months, the undersigned ordered 562 to respond no later than August 6, 2024, at 12:00 p.m. Central Standard Time. (ECF No. 225.) Despite this order, 562 did not respond until almost 10:00 p.m. on August 6, 2024. (ECF No. 228.)

In its motion, OJCommerce argues that, even though it provided 562 five notices of the Rule 30(b)(6) deposition between March and June 2024, each of which contained the same five categories of document requests, Hernandez did not prepare the documents and was unable to answer questions on several noticed deposition topics. (ECF No. 219 at PageID 3260–63.) There were five relevant document requests:

> 1. Compensation and distributions made to 562's officers, directors, and shareholders between January 1, 2022 and January 1, 2023.
>
> 2. State and Federal tax returns filed by 562 for the years 2022 and 2023.
>
> 3. 562's banking records between January 1, 2022 and December 31, 2023, including, but is not limited to, all records showing depository institutions in which

---

[1] Hernandez was previously a counter-defendant in this case. OJCommerce's claims against him were dismissed on August 6, 2024. (ECF No. 226.)

>     any account 562 owns, holds, or controls is located, or that otherwise holds any of 562's funds.
>
>     4. 562's records of its accounts receivable, accounts payable, liquidity (cash on hand), loan history, and notice of defaults between January 1, 2022 and December 31, 2023.
>
>     5. The retainer agreement, billing records, and payment records for all attorneys that worked on this case.

(ECF No. 192 at PageID 2934.) According to OJCommerce, documents responsive to these requests were not produced at any time prior to 562's Rule 30(b)(6) deposition. (ECF No. 219 at PagID 3261.) For the deposition itself, Hernandez did not bring documents responsive to most of these requests. For example, Hernandez explained he did not have documents responsive to the first request because his bookkeeper "needed more time because it's been so back and -- because it's a -- it was so far back, and I guess we're doing a transitioning from the person that was handling my account to another person." (ECF No. 220 at PageID 3272 (562 Rule 30(b)(6) Deposition Transcript).) He later revealed that the transition only began several days prior, and his first request was made only "about a week" before the deposition. (Id. at PageID 3273.) Explaining why he had not brought documents responsive to the second request, Hernandez stated that 562 asked for an extension on its 2023 taxes, but he "forgot to request that information for 2022." (Id. at PageID 3275.) As for 562's bank records, Hernandez had them only on his

own computer and only for the August 2023 to June 2024 time period. (Id. at PageID 3287.) Those records reflected bank statements spanning only five out of the twenty-four relevant, requested months. (Id. at PageID 3288–89.) Hernandez stated he did not have any documentation responsive to the fourth request because "I thought that Question 1 would answer Question 4 as well. I thought it was the same thing." (Id. at PageID 3277–78.) As to the fifth request, Hernandez did not have any responsive documentation because "I thought any paperwork for -- I mean, I thought any information for Number 5, Mr. Joseph [Horowitz] would have the information." (Id. at PageID 3279.)

However, attached to its response to the present motion, 562 includes a "Declaration of Antonio Hernandez" in which Hernandez verifies that (1) there were no distributions made to officers, directors, and shareholders at 562 between January 1, 2022 and January 1, 2023; (2) 562 has not filed tax returns for 2022 or 2023; (3) 562 "does not have records reflecting accounts receivable or accounts payable"; and (4) 562 has provided OJCommerce with its 2022 and 2023 bank records. (ECF No. 228-1 at PageID 3509–10.)

OJ Commerce next argues that Hernandez was not adequately prepared to answer questions relating to three topics noticed for the deposition. (ECF No. 219 at PageID 3264.) Specifically,

- 4 -

it states that Hernandez provided "deficient and evasive" answers to Topics 6, 7, and 8, which state:

> 6. 562's finances – for the years 1/1/2022 through 12/31/2023. This includes 562's financial statements (i.e., income statement, balance sheet, cash flows, etc.), as well as 562's general financial condition.
>
> 7. 562's banking information between 1/1/2022 and 12/31/2023. This includes, but is not limited to, the identity of all depository institutions in which any account 562 owns, holds, or controls is located, or that otherwise holds any of 562's funds.
>
> 8. 562's accounts receivable, accounts payable, cash on hand, loan history, and loan defaults, between 1/1/2022 and 12/31/2023.

(Id.; ECF No. 192 at PageID 2931–32.) In its response, 562 notes that these are only three out of the twenty-one noticed topics. (ECF No. 228 at PageID 3505.) Having read the transcript of the deposition, the undersigned finds that Hernandez was not adequately prepared to respond to the questions posed to him regarding the three topics. Hernandez stated explicitly that he "didn't think we were going to speak about my finances" and only "went over certain information" but did not review any income statements from 2022. (ECF No. 220 at PageID 3284.) He did not provide bank records for the relevant time period until after the deposition, when OJCommerce no longer had the opportunity to ask him questions about them in his role as the Rule 30(b)(6) deponent. (ECF No. 228-1 at PageID 3510 ("I have now secured the bank records for all of 2022 and all of 2023, they have been

- 5 -

provided to my counsel and disclosed to OJ Commerce.").) Likewise, Hernandez's declaration that 562 "does not have records reflecting accounts receivable and accounts payable" was not information provided to or known by OJCommerce until after the deposition was completed. (Id.)

"Preparation of a Rule 30(b)(6) witness is an active process, as the witness must review all matters known or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and burdensome to review." Houston v. Memphis Light, Gas, & Water Div., No. 22-CV-02395-MSN-TMP, 2024 WL 2884179, at *6 (W.D. Tenn. June 7, 2024) (quoting MD Auto Grp., LLC v. Nissan N. Am., Inc., No. 1:21-CV-01584-CEF, 2023 WL 3251218, at *4 (N.D. Ohio May 4, 2023) (internal quotations omitted). 562's argument that Hernandez's lack of preparation extended to only three topics out of twenty-one is well-taken. Although OJCommerce seeks an entirely new Rule 30(b)(6) deposition, the undersigned finds that this remedy is not appropriate. Hernandez was evidently not prepared to answer questions about the three topics noticed for the Rule 30(b)(6) deposition, and 562's supplementation is not sufficient to cure the issues with the subsequent testimony. OJCommerce has a right to ask 562's Rule 30(b)(6) deponent about these topics and the related documents produced, including about the reasons why 562 sought extensions on its 2022 and 2023

taxes, as well as why it apparently does not keep records of accounts payable and receivable. However, the undersigned finds that Hernandez was sufficiently knowledgeable about and sufficiently responded to the questions he was asked about the other eighteen topics, and re-opening the deposition entirely would be unjustified.

Therefore, OJCommerce is permitted to re-open the Rule 30(b)(6) deposition of 562 for the limited purpose of asking questions about Hernandez's declaration, the additional bank records that 562 provided to OJCommerce, and the matters covered in topics six, seven, and eight. This deposition must be completed no later than Friday, August 23, 2024. It can be no longer than three hours. OJCommerce will have a choice whether to conduct the deposition over video or in southern California at a place convenient for the Rule 30(b)(6) deponent. Because OJCommerce only challenges Hernandez's preparedness as to three of the twenty-one noticed topics, and the undersigned finds that Henrnadez was sufficiently prepared to respond to the other eighteen, no attorney fees or other financial sanctions are warranted.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 8, 2024

- 8 -

Date