# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

HYC LOGISTICS, INC.,

    Plaintiff/Counter-Defendant,

vs.

OJCOMMERCE, LLC D/B/A
OJ COMMERCE, LLC AND

    Defendant/Counter-Plaintiff.

JACOB WEISS, INDIVIDUALLY,

    Defendant.

Civil Action No. 2:23-cv-02050-TLP-tmp

---

OJ COMMERCE, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

562 EXPRESS, INC.,
a California corporation,

    Defendant.

Civil Action No. 2:23-cv-02226-TLP-atc
CONSOLIDATED

---

**MOTION OF HYC LOGISTICS, INC. AND 562 EXPRESS, INC. PURSUANT TO FED.R.CIV.P. 6(B)(1) TO EXTEND THE TIME TO RESPOND TO OJ COMMERCE, LLC AND JACOB WEISS'S OMNIBUS MOTIONS IN LIMINE**

---

**COMES NOW**, HYC Logistics. Inc. ("HYC") and 562 Express, Inc. ("562 Express"), by and through undersigned Counsel of Record, and file this Motion under Fed.R.Civ.P. 6(b)(1), seeking an extension of the deadline to respond to the Omnibus Motion in Limine of OJ Commerce, LLC ("OJC") and Jacob Weiss ("Weiss"). [ECF 233] HYC and 562 respectfully

request that the Response to the Motions in Limine filed on August 30, 2024 [ECF 236] be deemed timely.

## FACTS

OJC and Weiss's filed six (6) Motions in Limine on August 16, 2024 [ECF 233]. HYC and 562 opposed those motions on August 30, 2024 [ECF 236]. OJC and Weiss have filed a motion seeking to strike HYC and 562's response in opposition to the six (6) Motions in Limine, asserting that the responses are not timely [ECF 240].

When counsel for HYC and 562 received the Motion in Limine, counsel referred to the October 16, 2023 Scheduling Order [ECF 56] to determine the deadline for responding. That Scheduling Order, signed by Judge Parker, specifies that the deadline for filing Motions in Limine was August 16, 2024 (PageID 411). **The Scheduling Order does not provide a specific date for responses to Motions in Limine**. Per Local Rule 7.2(a)(2) of this Court, the deadline to respond to all motions (except motions under Rule 12, 56 and 59) is fourteen (14) days. Thus, counsel calendared the response date for the Motions in Limine as August 30. HYC and 562 did in fact file responses to the Motions in Limine on August 30, 2024 [ECF 236].

Counsel for HYC and 562 had relied on the Scheduling Order [ECF 56] in noting the standard two (2) week response deadline for Motions in Limine, which is in line with this Court's general practice and the practice of undersigned counsel in this matter and other matters pending in this Court.

The Notice of Setting and Pretrial Procedures, dated October 13, 2023 [ECF 52] has numerous instructions concerning pretrial matters. After 16 paragraphs, contained in that pretrial procedure notice, there is a five (5) day response time for Motions in Limine. Counsel for HYC and 562's reliance on the signed Scheduling Order was not done in bad faith or for the purpose of

delay. Overlooking the pre-trial procedure was an oversight on the part of counsel.

HYC and 562 are filing this Motion under Rule 6(b)(1), requesting to extend the time to respond to the Motions in Limine an additional nine (9) days, and for the Court to accept their responses to the Motions in Limine filed by HYC and 562 at ECF 236 as timely.

When a filing deadline has passed, a court may, "for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The above discussion of reliance on the Scheduling Order demonstrates excusable neglect under Rule 6(b)(1).

**No Prejudice to OJC or Weiss**

The Court must examine five factors to determine whether excusable neglect exists: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Intern., Inc.,* 467 F.3d 514, 522 (6th Cir.2006)

There is no prejudice to OJC and Weiss. Counsel for HYC and 562 have moved promptly to address the motion to strike of OJC and Weiss [ECF 240]. OJC and Weiss's motion seeking to strike the response fails to address what prejudice would ensue with the delay of 9 days.

The delay of 9 days is minimal, and there is no impact on any specific judicial proceeding. There has been no hearing and no hearing has been scheduled. OJC and Weiss fail to address the minimal delay nor explain what impact the delay has in this proceeding. As explained, the reason for the delay was counsel's reference to the Scheduling Order (which has the August 16 deadline for Motions in Limine but no deadline for responses). HYC and 562 have acted in good faith, have promptly filed this Motion seeking an extension and HYC/562 request that the Court accept

the previously filed response to the Motions in Limine as timely.

This Court has found that "[t]he inquiry into whether a party shows excusable neglect is at bottom an equitable one, taking account of all relevant circumstances." *Elliot v. Illinois Central Railroad Co.*, 2021 WL 6752208 at * 2 (W.D. Tenn. June 9, 2021) (citing *Pioneer Inv. Services v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395 (1993).[1]

The Court in *Elliot* found that it would be inequitable to deny the party an opportunity to answer, "given that the parties have actively litigated this case." The litigation history in this matter is lengthy and robust. There have been numerous motions on discovery issues as well as multiple dipositive motions. There is no question that, as in *Elliot,* HYC and 562 are actively litigating this case. The Court should decline striking HYC and 562's response to the Motions in Limine under these circumstances, when the delay was minimal and there is no prejudice to OJC and Weiss. And the Court should accept the filed responses of HYC and 562 at ECF 236 as timely.

OJC and Weiss's reliance on the *Johnson v. Baptist Memorial Hospital*, 2019 WL 5847850 (W.D. Tenn. Nov. 7, 2019) is misplaced. There, the response to Defendant's motion to dismiss was filed 26 days late. *Id. at * 3.* By contrast, here, the responses were 9 days late and the responses here are not submitted in opposition to a dispositive motion.

Furthermore, courts are hesitant to exclude broad categories of evidence in limine because the "court is almost always better situated during the actual trial to assess the value and utility of evidence." *Presley by and through Presley v. Irby,* 2008 WL 11414562 at * 1 (W.D. Tenn. April 4, 2008) (citations omitted).  The court will grant a motion in limine "only if the moving party shows that the evidence sought to be excluded is clearly inadmissible." *Id.* Further, rulings on

---

[1] *See also*, *Lee v. Horton*, 2018 WL 6588562 at * 3 (W.D. Tenn. Oct. 5, 2018) ("The danger of prejudice to Kroger caused by the late disclosures is minimal, and although Lee's counsel certainly should have been more mindful of the scheduling order's deadline, it does not appear that counsel acted in bad faith.")

4

Motions in Limine are subject to change as the case unfolds. *B.H. by and through L.H v. Obion County Board of Educ.*, 2021 WL 4303767 (W.D. Tenn. Sept. 21, 2021), citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

## CERTIFICATE OF CONSULTATION

On September 3, 2024, counsel for HYC and 562 contacted Aaron Davis, Sam Hecht and Lawrence Laurenzi, counsel for OJC and Weiss requesting to discuss the relief requested in this Motion. Mr. Davis was unavailable until 11:00 AM central on the morning of September 4, 2024 for a call. On September 4, 2024, undersigned counsel conferred with Mr. Davis and Mr. Hecht. The parties were unable to reach a resolution.

## CONCLUSION

It is respectfully requested that the Court GRANT the Motion of HYC and 562 to extend the deadline to respond the Motions in Limine. It is further requested that the Court accept the responses of HYC and 562, filed on August 30, 2024 [ECF 236] as timely. HYC and 562 have established excusable neglect. Moreover, there is no prejudice to OJC and Weiss if the Court were to consider the response of HYC and 562 [ECF 236]. The delay was minimal and HYC/562 moved promptly to request that the Court accept their filing as timely.

**GLANKLER BROWN, PLLC**

By: /s/ Yosef Horowitz
    Yosef Horowitz (TN #36353)
S. Joshua Kahane (TN #23726)
Aubrey B. Greer (TN #35613)
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Phone : (901) 525-1322

Fax : (901) 525-2389
jkahane@glankler.com
jhorowitz@glankler.com
agreer@glankler.com

*Attorneys for HYC Logistics, Inc. and 562 Express, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2024, a copy of the foregoing has been served upon the following by operation of the Court's ECF system and email:

Aaron W. Davis
Valhalla Legal, PLLC
204 West 7th Street, PMB 222
Northfield, MN 55057
davis@valhallalegal.com

Sam Hecht, Esq.
The Law Offices of Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
sam@hechtlawpa.com

Lawrence J. Laurenzi
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
LLaurenzi@bpjlaw.com

/s/   Yosef Horowitz