IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| HYC LOGISTICS, INC., | ) |
| | ) |
|     Plaintiff/ | ) |
|     Counter-Defendant, | ) |
| | ) |
| v. | )    No. 23-cv-02050-TLP-tmp |
| | ) |
| JACOB WEISS, INDIVIDUALLY, | ) |
| | ) |
|     Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| OJCOMMERCE, LLC D/B/A | ) |
| OJ COMMERCE, LLC, | ) |
| | ) |
|     Defendant/ | ) |
|     Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 562 EXPRESS, INC., | ) |
| | ) |
|     Counter-Defendant. | ) |

---

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE AND GRANTING HYC and 562's MOTION TO EXTEND THE DEADLINE TO RESPOND TO DEFENDANTS' MOTIONS IN LIMINE (ECF NOS. 240 and 246)**

---

Before the court by order of reference is defendants OJ Commerce, LLC and Jacob Weiss's Motion to Strike HYC and 562's Untimely Response to Defendants' Omnibus Motions in Limine (ECF No. 240) and HYC Logistics, Inc. ("HYC") and 562 Express, Inc.'s ("562") Motion to Extend the Time to Respond to OJ Commerce, LLC and Jacob Weiss's Omnibus Motions in Limine (ECF No. 246). For the

reasons below, defendants' motion is DENIED and HYC and 562's motion is GRANTED.

On October 16, 2023, District Judge Thomas L. Parker entered a scheduling order setting the parties' deadline for motions in limine as August 16, 2024. (ECF No. 56 at PageID 411.) Pursuant to Judge Parker's pre-trial procedures, the deadline for responding to such motions is five days. (ECF No. 52 at PageID 401.) On August 16, 2024, defendants OJ Commerce, LLC and Jacob Weiss filed their Omnibus Motions in Limine. (ECF No. 233.) HYC and 562 filed their response fourteen days later, on August 30, 2024. (ECF No. 236.) Defendants filed their motion to strike HYC and 562's untimely response on September 3, 2024. (ECF No. 240.) The next day, on September 4, 2024, HYC and 562 moved this court pursuant to Federal Rule of Civil Procedure 6(b)(1) to retroactively extend the response deadline and to deem as timely their August 30, 2024 response. (ECF No. 246.) HYC and 562 explained that they relied on the standard fourteen-day response deadline provided by Local Rule 7.2(a)(2) and had overlooked the five-day deadline provided in the pre-trial procedures. (Id. at PageID 3723-24.) Defendants filed their response in opposition to HYC and 562's motion to extend on September 9, 2024. (ECF No. 248.)

"Granting or denying a motion to strike is within the sound discretion of the trial court." Johnson v. Baptist Mem'l Health Care Corp., No. 2:18-cv-02509-SHM-cgc, 2019 WL 5847850, at *2 (W.D.

Tenn. Nov. 7, 2019) (citing Seay v. Tenn. Valley Auth., 339 F.3d 454, 480 (6th Cir. 2003)). Rule 6(b) provides that "the court may, for good cause, extend the time [to file a response] . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts balance five principal factors to determine whether excusable neglect exists: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Upon consideration of these factors, the court finds that the balance favors HYC and 562. Specifically, defendants have not suffered prejudice; the nine-day delay, under the circumstances of this case, was minimal; and, although HYC and 562 should have been aware of the five-day deadline, their confusion was based on a good-faith (albeit incorrect) reliance on the standard fourteen-day deadline provided by the local rules. The court finds that there was excusable neglect under these circumstances.

Regarding defendants' arguments in opposition to HYC and 562's motion, the court finds their reliance on Hicks v. Benton

County Board of Education, No. 1:14-cv-1345-STA-egb, 2017 WL 3669563 (W.D. Tenn. Aug. 21, 2017), misplaced. The court in Hicks had already ruled on the defendant's motions in limine before plaintiff attempted to respond. Id. at *1. The plaintiff also failed to request an extension under Rule 6(b), instead filing a motion under Rule 60 to set aside the court's order on the motions in limine. Id. The facts and circumstances of Hicks were materially different from those in the instant case.

For the above reasons, the court GRANTS HYC and 562's motion for a nine-day extension and deems that their response was timely. Accordingly, the court DENIES defendants' motion to strike.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 17, 2024
Date