# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

HYC LOGISTICS, INC.,

    Plaintiff/Counter-Defendant,

vs.

OJCOMMERCE, LLC D/B/A
OJ COMMERCE, LLC AND
JACOB WEISS, INDIVIDUALLY,

    Defendants/Counter-Plaintiff.

Civil Action No. 2:23-cv-02050-TLP-tmp

OJ COMMERCE, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

562 EXPRESS, INC.,
a California corporation,

    Defendant.

Civil Action No. 2:23-cv-02226-TLP-atc
CONSOLIDATED

## OBJECTION OF HYC LOGISTICS, INC. AND 562 EXPRESS, INC. TO THE MAGISTRATE JUDGE'S ORDER ON MOTION *IN LIMINE* NUMBER 1

    Plaintiffs, HYC Logistics. Inc. ("HYC") and 562 Express, Inc. ("562 Express"),[1] by and through undersigned counsel and pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, file this Objection to the Magistrate Judge's September 17, 2024 Order. (D.E. 253) In support of this Objection, HYC and 562 Express state unto the Court as follows:

---

[1] Defendants Uri Silver, Itamar Aronov, Antonio Hernandez and Dayana Diaz were dismissed on August 5, 2024 (D.E. 226 - Order, D.E. 227 - Judgment).

**INTRODUCTION**

HYC and 562 Express object to Magistrate Judge Pham's decision to grant the first[2] Motion *in Limine* of OJ Commerce, LLC ("OJC") and Jacob Weiss. (D.E. 253, PageID 3741-3746) As the Magistrate Judge's decision is clearly erroneous and contrary to law, it must be modified or set aside.

If allowed to stand, the Magistrate Judge's Order will limit the scope of admissible evidence in this case and prejudice HYC and 562 Express. Because the legal error will taint this entire case, it must be addressed and remedied.

**LAW AND ARGUMENT**

I. **STANDARDS FOR HYC AND 562 EXPRESS'S OBJECTION TO MAGISTRATE JUDGE PHAM'S ORDER (D.E. 253)**

Because the District Court referred disposition of the Motions *in Limine* to the Magistrate Judge for resolution[3], Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b) govern this objection to the Magistrate Judge's Order. *See* Local Rule 72.1(b)(17) (permitting Magistrate Judge to adjudicate all pretrial proceedings and non-dispositive motions made in civil cases including, discovery motions). Rule 72 contains separate provisions regarding non-dispositive and dispositive matters. Because Magistrate Judge Pham's Order relates to a Motion *in Limine*, it is non-dispositive. As such, the Rule provides in pertinent part that:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections

---

[2] OJC and Weiss filed a Motion to Strike (D.E. 232) and 6 Motions *in Limine*. This Motion objects to the Ruling of Magistrate Judge Pham with respect to Motion *in Limine* Number 1 only. The Motion does not seek to disturb any of the other rulings in Judge Pham's Order of September 17, 2024.
[3] D.E. 234

2

and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); *see also Massey v. City of Ferndale*, 7 F.3d 506, 508-09 (6th Cir. 1993) (on non-dispositive matters referred by the district court, the magistrate judge determines the matter and that decision is binding unless reviewed and overturned by the district court).

However, any objections made must be specific, and general complaints are considered the equivalent of failing to object at all. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004); *Brown v. Bd. of Educ. of Shelby Cnty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. On review, in considering whether a decision is "contrary to law," the district court "must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *LaFountain v. Martin*, No. 1:07-CV-76, 2010 WL 1416864, at *1 (W.D. Mich. Apr. 2, 2010) (citing *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992)).

II. **It is an Undisputed Fact That 17 Prior Lawsuits and 2 Current Lawsuits Name OJ Commerce as a Defendant for Failure to Pay Service Providers. This Litigation History is Proof of the Plan, Intent and Motive of OJ Commerce and is Thus Admissible.**

OJC and Weiss take issue with the "purported 22-case litigation history."[4] The litigation history is not purported - it is a matter of fact. The following table depicts the cases where OJC is named as a defendant, the name of the plaintiff, docket number and alleged amount owed by OJC.

| Plaintiff | Defendant | Docket Number and Court | Alleged Amount OJC Owes |
|---|---|---|---|
| Ryder Last Mile, Inc. | OJ Commerce, LLC | CACE140498789 (Fla. Cir. Ct. Oct. 15, 2014) | $195,155.27 |
| La-Z-Boy Greenboro, Inc. | OJ Commerce, LLC | CACE15001990 (Fla. Cir. Ct. Feb. 9, 2015) | $37,805.42 |
| Baker, Govern & Baker, Inc. | OJ Commerce, LLC | CACE16010269 (Fla. Cir. Ct. June 6, 2016) | $63,900.52 |
| Essendante Co. | OJ Commerce, LLC | CACE16012349 (Fla. Cir. Ct. Jul 6, 2016) | $164,841.69 |
| Your Other Warehouse, LLC | OJ Commerce, LLC | CACE17021326 (Fla. Cir. Ct. Nov 22, 2017) | $18,730.05 |
| OEC Logistics | OJ Commerce, LLC | CACE2001700 (Fla. Cir. Ct. Oct. 2, 2020)7 | $10,081.00 |
| E&E Co., Ltd. | OJ Commerce, LLC | CACE 18027917 (Fla. Cir. Ct. Dec. 4, 2018) | $115,563.33 |
| SPG Trust Corp. | OJ Commerce, LLC | CONO19008686 (Fla. Cir. Ct. Mar. 29, 2019) | Eviction and collection |
| Essick Air Products, Inc. | OJ Commerce, LLC | CACE19021994 (Fla. Cir. Ct. Oct. 22, 2019) | $53,247.00 |
| APL Co. Pte Ltd. | OJ Commerce, LLC | CACE20009013 (Fla. Cir. Ct. June 2, 2020) | $101,366.00 |
| Pilot Air Freight, LLC | OJ Commerce, LLC | COCE20019505 (Fla. Cir. Ct. Aug. 17, 2020) | $12,860.00 |

---

[4] Of the 22 cases identified, 17 are for OJ's failure to pay service providers. The remaining cases involve claims of trademark infringement, and eviction proceedings. See Footnotes 3 and 4 cited in the Complaint [D.E. 1] which identifies by style, case number, and court the recent litigation history of OJC.

4

| Continental Casualty Company | OJ Commerce, LLC | CACE15001645 (Fla. Cir. Ct. Feb. 2, 2015) | $31,420.00 |
|---|---|---|---|
| Steve Silver Co. | OJ Commerce, LLC | CACA 17003041 (Fla Cir. Ct. Feb. 10, 2017) | $37,891.18 |
| Kidkraft LP | OJ Commerce, LLC | CACE17012420 (Fla. Cir. Ct. June 29, 2017) | $50,843.70 |
| Jackson Furniture Industries, Inc. | OJ Commerce, LLC | CACE17021518 (Fla. Cir. Ct. Nov. 28, 2017) | $24,291.56 |
| P&P Imports, LLC | OJ Commerce, LLC | Docket No. 0:19-cv-62491 (S.D. Fl. October 17, 2019) | OJ Commerce sued for trademark infringement |
| James Dar, LLC | OJ Commerce, LLC | Docket No.0:21-cv-61901 (S.D. Fl. July 2, 2021) | $55,642.84 |
| Static Media, LLC | OJ Commerce, LLC | Docket No. 0:2019-cv-60270 (S.D. Fla. Jan. 30, 2019) | OJ Commerce sued for patent infringement |
| QuanticMind, Inc. | OJ Commerce, LLC | CACE19006962 (Fla. Cir. Ct. Mar. 29, 2019) | $18,000.00 |
| National Christmas Products Inc. | OJ Commerce, LLC | Docket No. 0:22-cv-60897 (S.D. Fla. May 12, 2022) | $781,474.14 |
| Guidecraft, Inc. | OJ Commerce, LLC | Docket No. 0:19-cv-62344 (S.D. Fl., June 13, 2019) | OJ Commerce sued for trademark infringement |
| Noco Company | OJ Commerce, LLC | Docket No. 1:2019 cv 02298 (N.D. Ohio Oct. 2, 2019) | OJ Commerce sued for trademark infringement |

5

| Guidecraft, Inc. | OJ Commerce, LLC | Docket No. 2:18-cv-01247 (W.D. Pa., Sept. 19, 2018) | Trademark infringement |
| HYC Logistics | OJ Commerce, LLC | Docket No. 2:23-02050 (W.D. Tenn. 2023) | $307,310.00 |
| MNE Trucking, Inc. d/b/a Sibrian Trucking | OJ Commerce, LLC | Docket No. 2:23-cv-05742 (C.D. Cal. May 6, 2023) | $91,5476.50 |
| Traffic Tech, Inc. | OJ Commerce, LLC | Docket No. 2:24-cv-01407 (C.D. Cal. April 12, 2024) | A minimum of $1 million |

Since this case was filed, at least two additional cases have been filed against OJC alleging non-payment to vendors under service contracts. In *MNE Trucking, Inc. d/b/a Sibrian Trucking v. OJ Commerce, LLC,* 2:23-cv-05742 – HDV – AFM (C.D. Cal.), the Complaint was filed May 6, 2023, and seeks $91,5476.50 from OJ Commerce. The Complaint asserts that OJC failed to pay Plaintiff the negotiated freight charges as per the terms of the parties' agreement.

In *OJ Commerce, LLC v. Traffic Tech, Inc./Traffic Tech, Inc. v. OJ Commerce, LLC*, 2:24-cv-01407, the Counterclaim was filed on April 12, 2024. That counterclaim asserts that Traffic Tech, a logistics company providing warehousing services, entered into a service contract with OJC and is owed over $1 million dollars from OJC. It is asserted in the counterclaim that Weiss, as CEO of OJC, constantly disputed charges, cancelled the contract and then sued Traffic Tech.

Evidence of the prior and pending lawsuits is relevant and should not be excluded. The standard for relevance is "extremely liberal." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459 (6th Cir. 2012). The evidence need only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. And relevant evidence is admissible under Fed.R.Evid. 402.

The applicable rule of evidence here is Rule 404(b). Under that Rule, evidence of other "crimes, wrongs, or acts" is not admissible to prove the character of a person or to show action in conformity therewith. A litigant may not argue that the person acted a certain way in the past and, therefore, he or she probably has a propensity for doing that same act or probably did that same act this time, too.

The rule, however, has a number of exceptions, under which the evidence is not precluded and should be admitted. **Those exceptions include when the purpose of the evidence is to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.** Fed.R.Evid. 404(b)

Before admitting the prior acts evidence, the district court must apply Rule 403's balancing test and make two determinations: (1) that the evidence is admissible for a proper purpose and (2) that the probative value of the evidence outweighs its potential prejudicial effects. *United States v. Vance,* 871 F.2d 572, 575 (6th Cir. 1989)

HYC has asserted claims of non-payment, fraud and misrepresentation against OJC and Weiss. OJC and Weiss moved to dismiss those claims - and those motions were denied. *See*, D.E. 32. The existence of the 17 prior (and 2 pending) litigations where OJC has been named as a defendant for failing to honor its payment obligations under service contracts demonstrates OJC and Weiss's state-of-mind - including its plan not to pay service providers, as well as OJC/Weiss's knowledge about, and deliberate intent and practice to not pay service providers.

The prior, similar course of conduct is established by prior litigation and is evidence demonstrating HYC and OJC's state of mind. The jury should be given the option to consider whether OJC's prior course of identical conduct – not once or twice – but over and over and over again, makes it more likely that OJC and Weiss's acts alleged in this case were intentional and/or

7

fraudulent. The evidence can therefore be offered for a proper, non-propensity purpose and the evidence is relevant and admissible under Rules 401 and 402. Courts recognize that a plaintiff's prior litigation history may be used to show a *modus operandi*, plan or scheme of fraudulent lawsuits.

In *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490 (7th Cir. 1998), plaintiff sought to preclude the defendant from offering evidence that he had brought three prior lawsuits against his former employers. After acknowledging the general concern about offering evidence which could be used to establish litigiousness, the court held that Rule 404 did not apply if the evidence "tend[s] to establish something other than [plaintiff's] propensity to sue his employers." *Id.* at 495. The court upheld the trial court's decision to admit the plaintiff's prior lawsuits on the ground that they demonstrated the plaintiff's "vindictive state of mind regarding his employers" as well as "his mental state for which he seeks damages." *Id.*

Applying that same logic here, admitting OJ's 19 lawsuits involving failure to pay service providers demonstrates OJ's dishonest state of mind when entering into service contracts. The 19 lawsuits further establish OJ's mental state for which it attempts to avoid liability.

There are numerous other decisions standing for the proposition that evidence of prior litigation may be admitted under Rule 404 where it is probative of a plaintiff's intent, motive and/or state of mind. For example, in *Duckworth v. Ford*, 83 F.3d 999, 1001-02, (8th Cir. 1996), the Eighth Circuit agreed with the trial court's ruling admitting into evidence information about another civil case against the same defendant. The court reasoned that the evidence was relevant to the issues of the defendant's intent and motive, and the underlying facts were similar to and occurred at about the same time as those in the pending case. *See also*, *Maxwell v. Health Center of Lake City,* 2006 WL 1627020, at *4 (M.D. Fla. 2006) ("evidence relating to potential prior

8

complaints of discrimination" are admissible to demonstrate plaintiff's state of mind); *Noco Motor Fuels, Inc.,* 242 F. Supp. 2d 236, 250-51 (W.D.N.Y. 2003) (evidence of a prior discrimination claim may be introduced as proof of intent or to challenge a witness's credibility); *Travers v. Travenol Laboratories, Inc.,* 94 F.R.D. 92, 93 (N.D. Ill. 1982) (admitting evidence of prior litigation because it showed plaintiff's motive and intent)

In *Mathis v. Phillips Chevrolet, Inc.*, 269 F. 3d 771, 775-76 (7th Cir. 2001), the Court of Appeals recognized that plaintiff's litigation history could also have been used to demonstrate that Mathis was "engaged in a plan or scheme to harass Chicago-area car dealerships, and that his methods or *modus operandi* in the prior suits were very similar to the approach he employed in this case." *Id.*

Here, the lawsuits filed by these 19 service providers against OJC are nearly indistinguishable. The number and frequency of these claims brings to mind the "commonsense principle – where there's smoke, there's fire.[5]" These lawsuits document OJC's empty promises to pay,[6] how OJC and Weiss evade and duck payment responsibilities and establish that OJC's interactions with service providers are fraught with misrepresentations and fraud.

HYC and 562 should not be precluded from arguing that OJC has been named as a defendant in at least 19 filed lawsuits with nearly identical allegations.

Additionally, under Rule 406, a party may present evidence of an organization's "routine practice" for the purpose of proving that the person or organization acted in conformity with that routine practice. Meaning, evidence of past wrongs or acts is inadmissible to establish a trait of character and "show action in conformity therewith," Fed. R. Evid. 404(b), but that same evidence

---

[5] *National Pork Producers Council v. Ross*, 598 U.S. 356, 393 (2023)
[6] On December 6, 2022, Jacob Weiss, CEO of OJC, advised Uri Silver of HYC in writing that OJC's payment could not be made at that time but assured HYC that payment to HYC was "a top priority". ECF 188-1, ¶11, ECF 188-11 (PageID 2753)

9

is admissible if it tends to establish a "routine practice" and is used "to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Fed. R. Evid. 406.

A routine practice is the rough analog of a "habit" in the context of an organization. Routine practice must be reasonably regular and uniform. *United States v. Oldbear,* 568 F.3d 814, 822 (10th Cir. 2009)

The "habit" of OJC as an organization is refusal to pay for services for which it contracted and enjoyed a benefit. Sibrian Trucking, the trucking company retained by OJC and Weiss immediately prior to HYC, is seeking over $90,000 in unpaid invoices.[7]

Further proof of OJC's routine and "habits" is established in the counterclaim of Traffic Tech.[8] An agreement was signed in September 2023,[9] and Traffic Tech handled 320 truckloads of OJC products.[10] Traffic Tech sent invoices to OJC for work services provided and as of the date of the counterclaim, OJC has not made a single payment to Traffic Tech.[11] Each time a demand for payment was made to OJC, Weiss "dodged and ignored" the request for payment.[12]

This recent conduct, coupled with the 17 prior cases of OJC's non-payment, tends to establish a "routine practice" of dodging, a "habit" of evading and ignoring requests for payment, and may rightly be used by HYC and 562 to prove that the conduct of the OJC and Weiss from August 2022 was in conformity with its organizational routine practice.

---

[7] *MNE Trucking, Inc. d/b/a Sibrian Trucking v. OJ Commerce, LLC,* 2:23-cv-05742 (Complaint filed May 23, 2023); *See also* D.E. 167-4, Aranov Deposition, p. 44 - OJC owed Sibrian Trucking substantial sums of money and then OJC abruptly stopped using Sibrian.
[8] *OJ Commerce, LLC v. Traffic Tech, Inc./Traffic Tech, Inc. v. OJ Commerce, LLC*, 2:24-cv-01407 (counterclaim was filed on April 12, 2024.
[9] Id. at par. 13
[10] Id. at par. 30
[11] Id. at par. 36-38 ("To this date, OJC has not paid a cent to Traffic tech on a single invoice, many of which are now severely past due.")
[12] Id. at par. 39

## CONCLUSION

For the reasons described above and for any other reasons the Court may discern, it is respectfully submitted that Magistrate Judge Pham's Order (D.E. 253) excluding evidence of OJ Commerce's litigation history should be modified, set aside, and vacated.

**GLANKLER BROWN, PLLC**

By: /s/ Yosef Horowitz
    Yosef Horowitz (TN #36353)
S. Joshua Kahane (TN #23726)
Aubrey B. Greer (TN #35613)
6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
Phone : (901) 525-1322
Fax : (901) 525-2389
jkahane@glankler.com
jhorowitz@glankler.com
agreer@glankler.com

*Attorneys for HYC Logistics, Inc. and 562 Express, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, a copy of the foregoing has been served upon the following by operation of the Court's ECF system and email:

Aaron W. Davis
Valhalla Legal, PLLC
204 West 7th Street, PMB 222
Northfield, MN 55057
davis@valhallalegal.com

Sam Hecht, Esq.
The Law Offices of Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
sam@hechtlawpa.com

Lawrence J. Laurenzi
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
LLaurenzi@bpjlaw.com

                                         /s/   Yosef Horowitz
                                               Yosef Horowitz