**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| HYC LOGISTICS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:23-cv-02050-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| OJCOMMERCE, LLC, doing business as | ) | |
| OJ COMMERCE, LLC, and JACOB | ) | |
| WEISS | ) | |
| | ) | |
| Defendants. | ) | |

**JURY INSTRUCTIONS**

**INSTRUCTION NO. 1**

Members of the jury, we have now come to the point in the case when it is my duty to instruct you on the rules of law that you must follow and apply in deciding this case. As jurors it is your exclusive duty to decide all questions of fact submitted to you and for that purpose to determine the effect and value of the evidence. You must not be influenced by sympathy, bias, prejudice, or passion. You must follow the law as I explain it to you whether you agree with it or not. You are not to single out any particular part of the instructions and ignore the rest, but you are to consider all the instructions as a whole and regard each in the light of all the others. All of the instructions are equally important. The order in which these instructions are given has no significance. You must follow all of the instructions and not single out some and ignore others.

**INSTRUCTION NO. 2**

You should consider and decide this case as a dispute between persons of equal standing in the community of equal worth, and holding the same or similar stations in life.  A corporation or limited liability company (LLC) is entitled to the same fair trial as a private individual.  All persons, including corporations and LLCs, stand equal before the law and are to be treated as equals.

**INSTRUCTION NO. 3**

HYC Logistics, Inc.; OJCommerce, LLC; and 562 Express, Inc., are business organizations. A corporation or limited liability company may act only through natural persons who are its agents or employees.  Generally, any agents or employees of a corporation or LLC may bind the entity by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or LLC or within the scope of their duties as employees of the corporation or LLC.

## INSTRUCTION NO. 4

I will now instruct you with regard to where the law places the burden of making out and supporting the facts necessary to prove the theories in the case. When a party denies the material allegations of the other party's claims, the law places upon the party bringing a claim the burden of supporting and making out each element of each claim by the preponderance of the evidence. The preponderance of the evidence means that amount of factual information presented to you in this trial which is sufficient to cause you to believe that an allegation is probably true. In order to preponderate, the evidence must have the greater convincing effect in the formation of your belief. If the evidence on a particular issue appears to be equally balanced, the party having the burden of proving that issue must fail. You must consider all the evidence pertaining to every issue, regardless of which party presented it.

# INSTRUCTION NO. 5

You, the members of the jury, are judges of the facts concerning the controversy involved in this lawsuit.  In order for you to determine what the true facts are, you are called upon to weigh the testimony of every witness who appears before you and to give the testimony of the witnesses the weight, faith, credit, and value to which you think it is entitled.

You should consider the manner and demeanor of each witness while on the stand.

You must consider whether the witness impressed you as one who was telling the truth or one who was telling a falsehood, and whether or not the witness was a frank witness.  You should consider the reasonableness or unreasonableness of the testimony of the witness; the opportunity or lack of opportunity of the witness to know the facts about which he or she testified; the intelligence or lack of intelligence of the witness; the interest of the witness in the result of the lawsuit, if any; the relationship of the witness to any of the parties to the lawsuit, if any; and whether the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.

These are the rules that should guide you, along with your common judgment, your common experience, and your common observations gained by you in your various walks of life, in weighing the testimony of the witnesses who have appeared before you in this case.

If there is a conflict between the testimony of different witnesses, it is your duty to reconcile that conflict if you can, because the law presumes that every witness has attempted to and has testified to the truth.  But if there is a conflict in the testimony of the witnesses that you are not able to reconcile in accordance with these instructions, then you must determine which of the witnesses you believe have testified to the truth and which ones you believe have testified to a falsehood.

Immaterial discrepancies do not affect a witness's testimony, but material discrepancies do. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. The preponderance of the evidence in a case is not determined by the number of witnesses testifying to a particular fact or a particular set of facts. Rather, it depends on the weight, credit, and value of the total evidence on either side of the issue, and of this you jurors are the exclusive judges.

If in your deliberations you come to a point where the evidence is evenly balanced and you are unable to determine which way the scales should turn on a particular issue, then you must find against the party upon whom the burden of proof has been cast in accordance with these instructions.

Remember, you are the sole and exclusive judges of the credibility or believability of the witnesses who testify in this case.

Ultimately, you must decide which witnesses you believe and how important you think their testimony was. You are not required to accept or reject everything a witness says. You are free to believe all, none, or part of any person's testimony.

## INSTRUCTION NO. 6

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves; you may, of course, accept any part you decide is true.  This is all for you, the jury, to decide.

An act or omission is done "knowingly" if committed voluntarily and intentionally, and not because of mistake or accident, or some other innocent reason.

**INSTRUCTION NO. 7**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.  It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 8

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations to which the lawyers agreed. A stipulation is an agreement. The parties have stipulated that certain matters of fact are true. They are bound by this agreement, and in your consideration of the evidence you are to treat these facts as proven.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence. During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 9

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 10

You will recall that during the course of this trial, certain evidence was admitted for a limited purpose only.  You must not consider such evidence for any other purpose.

## INSTRUCTION NO. 11

If you took notes, please remember that your notes are not evidence.  You should keep your notes to yourself.  They may only be used to help refresh your personal recollection of the evidence in this case.  It is the evidence itself, and not your notes, that you should discuss with the other jurors.  If you cannot recall a particular piece of evidence, you should not be overly influenced by the fact that someone else on the jury appears to have a note regarding that evidence.  Remember, it is your recollection and the collective recollection of all of you upon which you should rely in deciding the facts in the case.

## INSTRUCTION NO. 12

During the course of this trial, I occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony.  Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.  On the other hand, you are required to follow the Court's instructions on the law, whether you agree with these instructions or not.

**INSTRUCTION NO. 13**

Certain testimony has been read into evidence from a deposition.  A deposition is testimony taken under oath in advance of this trial and preserved in writing.  You are to consider such deposition testimony as if it had been given in this Court.

## INSTRUCTION NO. 14

There is more than one party against whom claims have been made in this lawsuit.  If you find that one party is liable, you are not required to return a verdict against any other party associated with the liable party.  You will decide each party's case separately.  Each party is entitled to a fair and separate consideration.  Unless you are instructed to the contrary, the instructions apply to the facts of each party's case.

**INSTRUCTION NO. 15**

Turning now to the legal theories in the case, it is my duty to tell you what the law is.  If a lawyer or party has told you that the law is different from what I tell you it is, you must, of course, take the law as I give it to you.  That is my duty.  But it is your duty, and your duty alone, to determine what the facts are and, after you have determined what the facts are, to apply the law to those facts, free from any bias, prejudice, or sympathy, either one way or the other.

### INSTRUCTION NO. 16

In this case, HYC and OJCommerce have brought claims for breach of contract against each other.  HYC also alleges claims for fraud against OJCommerce and Jacob Weiss.  And OJCommerce alleges claims for conversion, deceptive trade practices, and fraud against HYC. OJCommerce also alleges a claim for conversion against 562 Express.

### INSTRUCTION NO. 17

A contract is an agreement or exchange of promises between two or more persons to do or not to do certain things.

HYC and OJCommerce stipulate or agree that they entered a contract. That contract, the NCBFAA Terms & Conditions of Service, executed on August 15, 2022, and emails about rates areadmitted into evidence as Exhibits 3, 4, and 5.

## INSTRUCTION NO. 18

The parties stipulated to entering a valid contract, so now you must determine whether either or both parties breached the contract.  If a party does not perform according to the contract terms, that party has committed a breach of the contract.  Any unexcused breach of contract allows a non-breaching party to recover damages.

HYC claims that OJCommerce breached the contract by failing to timely and fully pay for services provided.  OJCommerce denies this.  And OJCommerce claims that HYC breached the contract by overcharging OJCommerce above the terms upon which the parties had agreed.  HYC denies this.

The breach of contract must be a material breach.  A minor and insubstantial failure of a party to meet the terms of a contract does not entitle the other party to reject the contract and not be responsible under it.  A party who commits the first uncured material breach of a contract cannot enforce the contract against the other party even if the other party later fails to abide by the terms of the contract.  However, a party owed performance may waive its right to assert first uncured material breach by accepting the benefits of performance with knowledge of the breach.

**INSTRUCTION NO. 19**

Under the contract, HYC had the right to take possession of the nine containers if

1. HYC did not commit the first uncured, unwaived material breach of the contract, and

2. OJCommerce owed money to HYC, and

3. The containers came into HYC's actual or constructive possession, custody or control or enroute before OJCommerce terminated HYC's agency.

If HYC properly exercised its lien right and instructed 562 Express to retain the nine containers and their contents consistent with the lien right, then 562 Express's retention of the containers is proper.

HYC did not need to physically possess the nine containers for you to find it had possession under the contract. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by HYC, is enough to show possession to enforce the lien. To establish actual possession, HYC must prove that it, individually or through 562 Express, had direct, physical control over the containers, and knew that it had control of them. To establish constructive possession, HYC must prove that it, individually or through 562 Express, had the right to exercise physical control over the containers, and knew that it had this right, and that it intended to exercise physical control over the containers at some time, either directly or through other persons.

HYC must prove that it, individually or through 562 Express, had actual or constructive possession of the containers, and knew that it did, for you to find it had possession under the contract. This, of course, is all for you to decide.

Custody is the care and control of a thing for inspection, preservation, or security.

Control means to exercise power or influence over something.

En route means on the way; in the course of transportation or travel.

21

**INSTRUCTION NO. 20**

A principal can be held responsible for the acts or omissions of the principal's agent.

A person who is authorized to act for another person or in place of another person is an agent of that person.  A person may be an agent whether or not payment is received for services.

The person who authorizes the agent to act is called a principal.

**INSTRUCTION NO. 21**

In order to be considered the act of the principal, the act of the agent must be within the scope of the agent's authority.

It is not necessary that a particular act or failure to act be expressly authorized by the principal to bring it within the scope of the agent's authority.  Conduct is within the scope of the agent's authority if it occurs while the agent is engaged in the duties that the agent was authorized to perform and if the conduct relates to those duties.  Conduct for the benefit of the principal that is incidental to, customarily connected with, or reasonably necessary to perform an authorized act is within the scope of the agent's authority.

## INSTRUCTION NO. 22

I will now instruct you on the law as it relates to damages.  If either party has proven by a preponderance of the evidence that the other party is liable, then you must determine the damages if any to which the party is entitled.  You must do this only under the instructions I will give you as to how to calculate damages.  You should not infer that either party is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that either party is entitled to recovery.

**INSTRUCTION NO. 23**

When a contract is breached, the non-breaching party is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms. The breaching party is not entitled to be put in a better position by a recovery of damages for breach of contract than would have been realized had there been full performance. The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made. Damages that are remote or speculative may not be awarded.

**INSTRUCTION NO. 24**

A person whose property has been damaged by the wrongful act of another is bound to use reasonable care to avoid loss and to minimize damages.  A party may not recover for losses that could have been prevented by reasonable efforts or by expenditures that might reasonably have been made.

## INSTRUCTION NO. 25

HYC seeks to recover damages for the alleged intentional and/or reckless misrepresentation by OJCommerce and for the alleged intentional and/or reckless misrepresentation by Jacob Weiss. HYC alleges the same claims against OJCommerce and Jacob Weiss, but you must decide the liability of each defendant separately.

To show intentional misrepresentation by OJCommerce, or to show intentional misrepresentation by Jacob Weiss, and recover damages HYC must prove each of the following elements as to each claim:

1. The defendant made a representation of a present or past material fact; and

2. The representation was false; and

3. The defendant knew that the representation was false when it was made, or the defendant made the representation recklessly without knowing whether it was true or false; and

4. The defendant intended that HYC rely upon the representation and act or not act in reliance on it; and

5. HYC did not know that the representation was false and was justified in relying upon the truth of the representation; and

6. As a result of HYC's reliance upon the truth of the representation, HYC sustained damage.

Alternatively, to show misrepresentation by concealment and recover damages against OJCommerce or against Jacob Weiss, HYC must prove each of the following elements as to each claim:

1. The defendant concealed or suppressed a material fact;

2. The defendant was under a duty to disclose the fact to HYC;

27

3. The defendant intentionally concealed or suppressed the fact with the intent to deceive HYC;

4. HYC was not aware of the fact and would have acted differently if HYC knew of the concealed or suppressed fact; and

5. As a result of the concealment or suppression of the fact, HYC sustained damage.

## INSTRUCTION NO. 26

A party seeking recovery for intentional misrepresentation must have relied upon the representation.  In other words, the party seeking recovery would not have entered into the transaction without the representation.  You must determine whether reliance upon the representation substantially influenced the party's action, even though other influences operated as well.

Reliance upon a representation may be shown by direct evidence or may be inferred from the circumstances.

A person claiming to have been damaged by a false representation must not only have acted in reliance on the representation but must have been justified in that reliance.  That is, it must be reasonable for the person, in the light of the circumstances and that person's intelligence, experience, and knowledge, to accept the representation without making an independent inquiry or investigation.

A person who makes an independent investigation of the subject matter of the alleged false representation is not entitled to recover damages if that person decides to enter into the transaction solely as the result of an independent investigation and not as a result of any reliance upon the representation.

## INSTRUCTION NO. 27

If you find that HYC is entitled to a verdict against OJCommerce, you must then award damages in an amount that will reasonably compensate HYC for all the loss suffered by HYC that was legally caused by the misrepresentation upon which you base your finding of liability.

And if you find that HYC is entitled to a verdict against Jacob Weiss, you must then award damages in an amount that will reasonably compensate HYC for all the loss suffered by HYC that was legally caused by the misrepresentation upon which you base your finding of liability.

For each claim on which you find that HYC is entitled to a verdict, you will award HYC the "benefit of the bargain." The "benefit of the bargain" is the difference between the value of what HYC would have received if the misrepresentation had been true and the actual value of what HYC received.

Actual value means market value. Market value is the highest selling price that real or personal property would bring on the open market. In making your finding of market value, you will assume that the seller has a reasonable time to sell and that the seller is willing to sell but not forced to do so. You will also assume that the buyer is ready, willing, and able to buy but is not forced to do so, and that the buyer has a reasonable time and full opportunity to investigate the property and to determine its condition, suitability for use, and all of the things about the property that would naturally and reasonably affect its market value.

## INSTRUCTION NO. 28

HYC seeks to recover damages for the alleged promissory fraud of OJCommerce and the alleged promissory fraud of Jacob Weiss. HYC alleges the same claims against OJCommerce and Jacob Weiss, but you must decide the liability of each defendant separately. To recover under this theory, HYC must prove by a preponderance of the evidence each of the following:

1. The defendant made a promise as to a material matter to HYC; and

2. At the time the promise was made, the defendant did not intend to perform it; and

3. The defendant made the promise with an intent to deceive, in other words, the defendant made the promise to induce HYC to rely upon it and to act or not act in reliance upon it; and

4. HYC was unaware that the defendant did not intend to perform the promise; and

5. HYC acted in reliance upon the promise; and

6. HYC was justified in relying upon the promise made by the defendant; and

7. As a result of the reliance upon the defendant's promise, HYC has sustained damage.

Evidence of OJCommerce's or Jacob Weiss's conduct before or after the promise was made may be considered in determining whether OJCommerce or Jacob Weiss intended to perform when the promise was made.

A party seeking recovery for promissory fraud must have relied upon the promise. In other words, HYC would not have entered into the transaction without the promise. You must decide whether reliance upon the promise substantially influenced HYC's action, even though other influences may have operated as well.

Reliance upon a promise may be shown by direct evidence or may be inferred from the circumstances.

A party claiming to have been damaged by promissory fraud must not only have acted in reliance on the promise but must have been justified in that reliance. That is, it must be reasonable for the party, in the light of the circumstances and that party's intelligence, experience, and knowledge, to accept the promise without making an independent inquiry or investigation.

**INSTRUCTION NO. 29**

The failure of one party to disclose material facts known by that party and not the other party is not fraud unless there is some relationship between the parties that creates a duty to disclose those facts.

There is a duty to disclose known facts when the party having knowledge of the facts is in a fiduciary or a confidential relationship with the other party. There is a fiduciary or confidential relationship when one person may reasonably trust or have confidence in the integrity and fidelity of another.

And in the absence of a fiduciary or a confidential relationship, a duty to disclose known facts arises where one party knows of material facts and also knows that those facts are neither known nor readily accessible to the other party.

**INSTRUCTION NO. 30**

OJCommerce seeks to recover damages for the alleged intentional and/or reckless misrepresentation of HYC.

To show intentional misrepresentation and recover damages, OJCommerce must prove each of the following elements:

1. HYC made a representation of a present or past material fact; and

2. The representation was false; and

3. HYC knew that the representation was false when it was made, or HYC made the representation recklessly without knowing whether it was true or false; and

4. HYC intended that OJCommerce rely upon the representation and act or not act in reliance on it; and

5. OJCommerce did not know that the representation was false and was justified in relying upon the truth of the representation; and

6. As a result of OJCommerce's reliance upon the truth of the representation, OJCommerce sustained damage.

Alternatively, to show misrepresentation by concealment and recover damages, OJCommerce must prove each of the following elements:

1. HYC concealed or suppressed a material fact;

2. HYC was under a duty to disclose the fact to OJCommerce;

3. HYC intentionally concealed or suppressed the fact with the intent to deceive OJCommerce;

4. OJCommerce was not aware of the fact and would have acted differently if OJCommerce knew of the concealed or suppressed fact; and

5.  As a result of the concealment or suppression of the fact, OJCommerce sustained

damage.

**INSTRUCTION NO. 31**

A party seeking recovery for intentional misrepresentation must have relied upon the representation.  In other words, the plaintiff would not have entered into the transaction without the representation.  You must determine whether reliance upon the representation substantially influenced the party's action, even though other influences operated as well.

Reliance upon a representation may be shown by direct evidence or may be inferred from the circumstances.

A person claiming to have been damaged by a false representation must not only have acted in reliance on the representation but must have been justified in that reliance.  That is, it must be reasonable for the person, in the light of the circumstances and that person's intelligence, experience, and knowledge, to accept the representation without making an independent inquiry or investigation.

A person who makes an independent investigation of the subject matter of the alleged false representation is not entitled to recover damages if that person decides to enter into the transaction solely as the result of an independent investigation and not as a result of any reliance upon the representation.

**INSTRUCTION NO. 32**

If you find that OJCommerce is entitled to a verdict against HYC, you must then award damages in an amount that will reasonably compensate OJCommerce for all the loss suffered by OJCommerce that was legally caused by the misrepresentation upon which you base your finding of liability.

You will award OJCommerce the "benefit of the bargain."  The "benefit of the bargain" is the difference between the value of what OJCommerce would have received if the misrepresentation had been true and the actual value of what OJCommerce received.

Actual value means market value.  Market value is the highest selling price that real or personal property would bring on the open market.  In making your finding of market value, you will assume that the seller has a reasonable time to sell and that the seller is willing to sell but not forced to do so.  You will also assume that the buyer is ready, willing, and able to buy but is not forced to do so, and that the buyer has a reasonable time and full opportunity to investigate the property and to determine its condition, suitability for use, and all of the things about the property that would naturally and reasonably affect its market value.

## INSTRUCTION NO. 33

OJCommerce seeks to recover damages for the alleged promissory fraud of HYC.  To recover under this theory, OJCommerce must prove by a preponderance of the evidence each of the following:

1. HYC made a promise as to a material matter to OJCommerce; and

2. At the time the promise was made, HYC did not intend to perform it; and

3. HYC made the promise with an intent to deceive, in other words, HYC made the promise to induce OJCommerce to rely upon it and to act or not act in reliance upon it; and

4. OJCommerce was unaware that HYC did not intend to perform the promise; and

5. OJCommerce acted in reliance upon the promise; and

6. OJCommerce was justified in relying upon the promise made by HYC; and

7. As a result of the reliance upon HYC's promise, OJCommerce has sustained damage.

Evidence of HYC's conduct before or after the promise was made may be considered in determining whether HYC intended to perform when the promise was made.

A party seeking recovery for promissory fraud must have relied upon the promise.  In other words, OJCommerce would not have entered into the transaction without the promise.  You must decide whether reliance upon the promise substantially influenced OJCommerce's action, even though other influences may have operated as well.

Reliance upon a promise may be shown by direct evidence or may be inferred from the circumstances.

A party claiming to have been damaged by promissory fraud must not only have acted in reliance on the promise but must have been justified in that reliance.  That is, it must be reasonable

for the party, in the light of the circumstances and that party's intelligence, experience, and

knowledge, to accept the promise without making an independent inquiry or investigation.

## INSTRUCTION NO. 34

The failure of one party to disclose material facts known by that party and not the other party is not fraud unless there is some relationship between the parties that creates a duty to disclose those facts.

There is a duty to disclose known facts when the party having knowledge of the facts is in a fiduciary or a confidential relationship with the other party. There is a fiduciary or confidential relationship when one person may reasonably trust or have confidence in the integrity and fidelity of another.

And in the absence of a fiduciary or a confidential relationship, a duty to disclose known facts arises where one party knows of material facts and also knows that those facts are neither known nor readily accessible to the other party.

## INSTRUCTION NO. 35

OJCommerce also alleges HYC committed conversion.  For purposes of its claim against HYC, a conversion is any assumption of control over property that is inconsistent with the rights of the owner.  A conversion may consist of the:

1. Destruction or dominion over the property of another by excluding or defying the owner's right; or

2. Withholding of personal property from the owner under a claim of title, inconsistent with the owner's claim of title.

If personal property that has been entrusted to another is used in a different manner, or for a different purpose, or for a longer time than was agreed upon by the parties, the person who received the personal property is guilty of conversion.  In that case, the person to whom the property is entrusted is answerable for all damages, including a loss that due care could not have prevented.

In order to find that HYC committed conversion, you must also find that HYC improperly exercised the lien.

## INSTRUCTION NO. 36

OJCommerce claims that HYC violated the Tennessee Consumer Protection Act by deceiving the port authorities that they were authorized agents and had permission from OJCommerce to pick up the containers.  The Tennessee Consumer Protection Act allows a party to recover actual damages for a loss of money, property or thing of value as a result of another party's use of an unfair or deceptive act or practice.

To recover damages from HYC for a violation of this law, OJCommerce must prove by a preponderance of the evidence that:

1. HYC's act or practice is unfair or deceptive;

2. HYC's act or practice caused the likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

3. OJCommerce suffered a loss of money, property or thing of value as a result of the unfair or deceptive practice.

The law provides a jury with the right to determine whether the conduct of the defendant is deceptive or unfair.  A deceptive act or practice is one that tends to deceive, that causes a consumer to believe what is false, or that misleads or tends to mislead a consumer as to a matter of fact. Deceptive acts or practices by merchants may consist of statements, silence, or actions.

On the other hand, unfair conduct is even broader than the concept of deceptiveness.  It is conduct that causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by benefits to consumers or competition.

"Substantial" injury must be more than trivial or speculative, and may be found if a relatively small harm is inflicted on a large number of consumers or if a greater harm is inflicted on a relatively small number of consumers.  Substantial injury usually involves monetary injury or

42

unwarranted health and safety risks.  Conduct by a merchant is not unfair if the consumer could reasonably avoid an injury.

If you find that OJCommerce has proven by a preponderance of evidence that HYC engaged in an act or practice that the law has declared to be unfair or deceptive or that you have determined to be unfair or deceptive, OJCommerce is entitled to recover actual damages for any money, property, or thing of value that was lost as a result of HYC's unfair or deceptive acts or practices.

**INSTRUCTION NO. 37**

OJCommerce has sued HYC under multiple claims.  First, OJCommerce has sued HYC under the Tennessee Consumer Protection Law.  Second, OJCommerce has sued HYC under the law of fraud and misrepresentation.

You must consider each claim separately and determine whether OJCommerce should recover under one of the claims, both of the claims or neither of the claims.  If you find in favor of OJCommerce, OJCommerce will be awarded the amount of damages, if any, you find to be appropriate.  However, if you find for OJCommerce on both the Tennessee Consumer Protection Law claim and the claim based on fraud or misrepresentation, OJCommerce will not be permitted to collect damages under both claims but instead will have to choose whether to accept the damages under the Tennessee Consumer Protection Law or the damages under the claim based on fraud or misrepresentation.  In other words, if you decide OJCommerce should recover monetary damages from HYC, OJCommerce will be able to recover those damages only once, even if you find that OJCommerce has proved both the Tennessee Consumer Protection Law claim and the claim based on fraud or misrepresentation.

**INSTRUCTION NO. 38**

OJCommerce claims that 562 Express committed conversion by wrongfully exercising control over OJCommerce's personal property.  To establish this claim against 562 Express, OJCommerce must prove all of the following:

1. That OJCommerce owned the nine containers and their contents;

2. That 562 Express substantially interfered with OJCommerce's property by knowingly or intentionally taking possession of the nine containers and their contents; or preventing OJCommerce from having access to the nine containers and their contents; or destroying the nine containers and their contents; or refusing to return the nine containers and their contents after OJCommerce demanded its return.

3. That OJCommerce did not consent;

4. That OJCommerce was harmed; and

5. That 562 Express's conduct was a substantial factor in causing OJCommerce's harm.

If HYC properly exercised its lien right and instructed 562 Express to retain the nine containers and their contents consistent with the lien right, then 562 Express's retention of the containers is proper.

## INSTRUCTION NO. 39

If you decide that OJCommerce has proved its conversion claim against 562 Express, you also must decide how much money will reasonably compensate OJCommerce for the harm. This compensation is called "damages."

OJCommerce must prove the amount of its damages.  However, OJCommerce does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by OJCommerce:

1.  The fair market value of the nine containers and their contents at the time 562 Express wrongfully exercised control over it; and

2.  Reasonable compensation for the time and money spent by OJCommerce in attempting to recover the nine containers and their contents.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1.  That there is no pressure on either one to buy or sell; and

2.  That the buyer and seller know all the uses and purposes for which the nine containers and their contents are reasonably capable of being used.

## INSTRUCTION NO. 40

Your verdict must be unanimous as to the answer to each question on the verdict form.

# INSTRUCTION NO. 41

1.      Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

2.      But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

3.      No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

4.      Listen carefully to what the other jurors have to say, and then decide for yourself the answers to the questions on the verdict form.

## VERDICT FORM

We, the jury, unanimously answer the questions submitted by the Court as follows:

**VERDICT FORM**

**We, the jury, unanimously answer the questions submitted by the Court as follows:**

**Breach of Contract Claims by Both Parties:**

1.      Did HYC prove by a preponderance of the evidence that OJCommerce committed the first uncured, unwaived material breach of the contract?

ANSWER: Yes _____ or No _____

*If you answered "Yes," what amount of damages, if any, compensates HYC?*

DAMAGES: $_____

*If you answered "Yes" to Question 1, proceed to Question 3. Otherwise, proceed to Question 2.*

2.      Did OJCommerce prove by a preponderance of the evidence that HYC committed the first uncured, unwaived material breach of the contract?

ANSWER: Yes _____ or No _____

*If you answered "Yes," what amount of damages, if any, compensates OJCommerce?*

DAMAGES:  $_____

*Proceed to Question 4.*

3.      Do you find by a preponderance of the evidence that HYC properly exercised the lien right?

ANSWER: Yes _____ or No _____

*Proceed to Question 4.*

50

**Additional Claims Against OJCommerce:**

4.      Did HYC prove by a preponderance of the evidence that OJCommerce committed intentional and/or reckless misrepresentation?

ANSWER: Yes _____ or No _____

*If you answered "Yes," what amount of damages, if any, compensates HYC?*

DAMAGES: $_____

***Proceed to Question 5.***


5.      Did HYC prove by a preponderance of the evidence that OJCommerce committed promissory fraud?

ANSWER: Yes _____ or No _____

*If you answered "Yes," what amount of damages, if any, compensates HYC?*

DAMAGES: $_____

***Proceed to Question 6.***

**Claims Against Jacob Weiss:**

6.      Did HYC prove by a preponderance of the evidence that Jacob Weiss committed intentional and/or reckless misrepresentation?

      ANSWER: Yes _____ or No _____

      *If you answered "Yes," what amount of damages, if any, compensates HYC?*

      DAMAGES:  $_____

*Proceed to Question 7.*

7.      Did HYC prove by a preponderance of the evidence that Jacob Weiss committed promissory fraud?

      ANSWER: Yes _____ or No _____

      *If you answered "Yes," what amount of damages, if any, compensates HYC?*

      DAMAGES:  $_____

*Proceed to Question 8.*

**Additional Claims Against HYC:**

8.    Did OJCommerce prove by a preponderance of the evidence that HYC engaged in an unfair or deceptive act or practice?

ANSWER: Yes _____ or No _____

*If you answered "Yes," what amount of damages, if any, compensates OJCommerce?*

DAMAGES:  $_____

*Proceed to Question 9.*

9.    Did OJCommerce prove by a preponderance of the evidence that HYC committed intentional and/or reckless misrepresentation?

ANSWER: Yes _____ or No _____

*If you answered "Yes," what amount of damages, if any, compensates OJCommerce?*

DAMAGES:  $_____

*Proceed to Question 10.*

10.    Did OJCommerce prove by a preponderance of the evidence that HYC committed promissory fraud?

ANSWER: Yes _____ or No _____

*If you answered "Yes," what amount of damages, if any, compensates OJCommerce?*

DAMAGES:  $_____

*If you answered "No" to Question 3, answer Questions 11 and 12.  Otherwise, sign this verdict form.*

11.     Did OJCommerce prove by a preponderance of the evidence that HYC converted the nine containers?

    ANSWER: Yes _____ or No _____

    *If you answered "Yes," what amount of damages, if any, compensates OJCommerce?*

    DAMAGES:  $_____

***Proceed to Question 12.***

**Claim Against 562 Express:**

12.    Did OJCommerce prove by a preponderance of the evidence that 562 Express converted the nine containers?

ANSWER: Yes _____ or No _____

*If you answered "Yes," what amount of damages, if any, compensates OJCommerce?*

DAMAGES:  $_____

Please sign the jury verdict form and return it to the Court.


**SO SAY WE ALL**


_____

JURY FOREPERSON


Dated: _____